# Lehman *v.* Shiver.

*Action of Assumpsit.*

1. *Evidence; when letter written by agent of plaintiff inadmissible.*—In an action of assumpsit, where the plaintiff seeks to recover for goods sold to defendant, a letter written by the agent of the plaintiff, when it is not shown that the de-

fendant saw the letter, or knew that it was written, is a mere *ex parte* statement and not binding on the defendant, and is, therefore, inadmissible in evidence.

2.　*Pleading and practice; effect of pleading general issue and special plea.*—In an action of assumpsit to recover the purchase price of whiskey alleged to have been sold to the defendant, where the defendant pleads the general issue and a special plea in which he sets up that the contract for the purchase and sale of the whiskey was void on account of being made in violation of law, and issue is joined upon these pleas, such special plea is not an admission by him of the purchase of the whiskey which estops him from denying such purchase; but the case may be tried upon either defense and if either is made out, the defendant is entitled to a judgment.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. A. A. EVANS.

This was an action of assumpsit brought by the appellant against the appellee, and counted upon the common counts. The defendant pleaded two pleas. The first was the general issue, and the second was the following special plea: "2d. That the account upon which the suit is founded is alleged to be due by defendant to plaintiff for a certain lot of vinous, spiritous or malt liquors, named in said account; and that at the time the said liquor is alleged to have been sold by plaintiff to defendant, defendant had no license to sell such liquor in Dale county, Alabama, or elsewhere in said State, and that Charlton was in a prohibition district, where it was agreed and understood between plaintiff and defendant should be sold. And that plaintiff well knew that defendant had no such license, and that Charlton, where said liquor was to be sold, was in a prohibition district. Defendant further avers that said liquor was sold and shipped to him by plaintiff with understanding between plaintiff and defendant that same should be resold at Charlton in violation of law, and plaintiff well knew this fact."

Upon the trial, the evidence for the plaintiff tended to show that the account due the plaintiff from the defendant, which was sued on, was for whiskey sold by the plaintiff to the defendant; that this whiskey was

sold upon order sent to the plaintiff by his representative, who was in Charlton, the place where the defendant was engaged in a mercantile business; that after the whiskey had been shipped as ordered the defendant declined to accept it unless the plaintiff would give him further time for the payment of it.

One Parker, as a witness for the plaintiff, testified that he was the agent of the plaintiff who sent the order for the whiskey at the instance of the defendant; that after the whiskey had arrived in Charlton he notified the defendant, and the defendant stated that he could not take it, unless the plaintiff gave him a longer time to pay for it; that thereupon the witness Parker told the defendant that he would write and ask the plaintiff to give him, the defendant, further time which he demanded for the payment of the whiskey; that thereupon he did write a letter making this request, which was granted by the plaintiff.

Upon plaintiff offering to introduce in evidence the letter of the witness Parker, the defendant objected on the ground that it was irrelevant, immaterial, incompetent and illegal. The court sustained the objection, and the defendant duly excepted.

The evidence for the defendant tended to show that he did not buy the whiskey from the plaintiff, and that it was shipped to him without his authority; that he had, prior to the time the whiskey in controversy was shipped, bought whiskey from the plaintiff; that the whiskey was shipped after the plaintiff himself had come to Charlton and proposed to ship the defendant the whiskey, but that the defendant did not purchase it, and when it arrived he declined to receive it. It was further shown by the evidence for the defendant that Charlton was in a prohibition district, and that the defendant had no license to sell whiskey, and that he told the plaintiff that he did not have a license.

Upon the introduction of all the evidence the plaintiff requested the court to give to the jury the general affirmative charge in his behalf, and duly excepted to the court's refusal to give the same as asked.

[Lehman v. Shiver.]

The plaintiff also excepted to the court's giving, at the request of the defendant, the following written charge: "If the jury believe from the evidence that Shiver never signed or made any order for the four casks of whiskey and did not ratify the order turned over to Mr. Lehman, by Mr. Parker, and that he refused to take said whiskey, and did not take said whiskey out of the depot, and should they further find from the evidence that Shiver knew nothing about said whiskey being ordered until it reached Charlton and refused it, then they must find for the defendant."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

SOLLIE & KIRKLAND, for appellant.

A. T. BORDERS, contra.

TYSON, J.—The letter written by Parker, the agent of the plaintiff, to him was a mere ex parte statement and was not binding upon the defendant; it not being shown that he ever saw it or knew of its being written. There was no error in excluding it.

The remaining assignments of error are admitted in argument to be available to appellant, only, in the event his contention is sustained, that defendant estopped himself to deny the purchase of the whiskey by the allegations of his second plea. By this plea the defendant interposed the defense that the contract for the purchase and sale of the whiskey was void on account of being made in violation of law.

A defendant may plead more than one plea.—Code, § 3295.

In addition to the second plea above referred to, the defendant also interposed the plea of the general issue. By this plea the defendant put in issue every material allegation of the complaint. In consequence thereof, the burden was upon the plaintiff to prove a sale of the goods as alleged, and the defendant had the right to deny

the purchase and sale of them to him. His second plea was not in whole nor to any extent an admission by him of a purchase of the whiskey, and, therefore, did not estop him from denying it.—*McDonald v. Montgomery St. R'y*, 110 Ala 161.

Affirmed.