# McGhee *et al.* Receivers *v.* Cashin.

*Action by Passenger against Railroad Company to recover Damages for being wrongfully Ejected from Train.*

1. *Action against railroad company for ejection of passenger; sufficiency of complaint.*—In an action against a railroad company by a passenger for the alleged wrongful ejection from one of the defendant's trains, the complaint is sufficient and states a good cause of action which avers that the defendant was operating a railroad upon which passenger trains were run; that the plaintiff purchased from the defendant for a reward a ticket which entitled him to be carried as a passenger on one of the defendant's trains, and that after having purchased said ticket he boarded the train to be carried to a station on the defendant's road, and although the plaintiff tendered to the conductor on said train the ticket so purchased, the said conductor, in breach of the duty owing the plaintiff as a passenger, wrongfully and forcibly ejected him from the train.

36

[McGhee *et al*, Receivers, v. Cashin.]

2. *Same; sufficiency of evidence to authorize recovery.*—In an action against receivers of a railroad company by a passenger to recover damages for the alleged wrongful ejection of the plaintiff from a train, where it is averred in the complaint that the defendants, as receivers, were operating a railroad upon which said train was run, and that the plaintiff was ejected from the train by employees or agents of the defendants, as such receivers, and the general issue and special pleas of contributory negligence are pleaded, in order for the plaintiff to recover, he must prove the averments of the complaint that the defendants were receivers of and operated said road and had control thereof, and that the persons who ejected the plaintiff were in the employment of the defendants as such receivers. The plea of the general issue put these material averments in issue, and the fact that a special ·plea of contributory negligence was filed, did not waive the necessity for proof which the plea of the general issue cast on the plaintiff.

3. *Plea of the general issue; waiver by defendant of formal proof of fact within the issue; question for the court.*—The plea of the general issue puts in issue all the material allegations of the complaint, and puts upon the plaintiff the necessity to prove them; and while the defendant may, by his course of conduct on the trial of the case show that he does not really controvert a particular fact which is directly within the issue, but waives formal proof thereof, the question of whether or not the defendant has so waived the necessary proof, must be determined by the court and is not within the issues made by the pleading, which alone are triable by a jury.—(*McKay & Roche v. Southern Bell Telephone Co.*, 111 Ala. 337, announcing a contrary principle, overruled.)

4. *Railroad company; right of passenger; not lost by ejectment from train.*—Where one who has purchased a ticket and takes passage upon a train operated upon a railroad, and the ticket on its face entitles him to be carried on the train on which he was riding, and he offers such ticket to the conductor, such person does not lose his character as a passenger by being ejected from the train by the conductor, nor is the conductor authorized, after such ejection, to disregard any duty he owed such person as a passenger had he not been ejected; and abusive and insulting language, used by the conductor towards such person while he was re-entering the train after his ejection for the purpose of continuing his journey, constitutes part of the *res gestae* of the ejection, and is admissible in evidence in an action to recover damages for being ejected from the train.

5. *Same; same; admissibility of evidence in action to recover damages for ejection.*—In an action by a passenger to recover damages for his alleged wrongful ejection from a railroad train, on which he had taken passage, where it was shown that the plaintiff offered the conductor a ticket stamped of the date the plaintiff took passage upon said train, and that the conductor upon looking at the ticket stated that it was out of date, and it was further shown that the stamp upon said ticket, while dim, was legible, and was so when the ticket was introduced on the trial, in order to show that the stamp date was legible on the date the plaintiff attempted to use the ticket, and that it was then in practically the same condition as when used on the trial, it is competent and permissible to prove by third persons that they saw the ticket in plaintiff's possession on the day he was ejected from the train, and that it bore the legible stamp of date on that day.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellee, H. C. Cashin, against Charles M. McGhee and Henry Fink, as receivers of the Memphis & Charleston Railroad Company.

The complaint, as amended, averred that on October 20, 1894, the defendants as receivers of the Memphis & Charleston Railroad Company, were engaged in operating a street railroad and running passenger trains thereon in the counties of Morgan and Madison for hire; that on said date the defendants for a reward sold a ticket to the plaintiff authorizing his safe transportation and respecful treatment as a passenger on one of the regular passenger trains operated on said railroad from Huntsville, in Madison county, Alabama, to Madison station, Alabama, a station on the road operated by the defendants. That being so provided with a ticket which entitled him to safe transportation from Huntsville to his place of destination, the plaintiff boarded one of the regular passenger trains running on the road operated by the defendants, but that notwithstanding he was lawfully on said train as a passenger,and it was the defendant's duty to transport him safely and in a respectful manner as a passenger on said train, the defendants, by their agent and servant, one James Hall, who was the conductor on said

train, and was at the time acting within the scope of his employment as said conductor, together with another employee of the defendants, whose name was unknown to the plaintiff and who acted under the direction of said Hall as conductor, in violation of the duty they owed the plaintiff, unlawfully, forcibly and against the will of the plaintiff, ejected him from said train at a point on the said road between Huntsville and Madison Station, and refused to permit the plaintiff to continue as a passenger on said train, unless he would pay the regular fare from Huntsville to Madison Station, which was thirty cents; that said conductor alleged that the ticket, which was held by the plaintiff and which he offered to deliver to the conductor, was invalid, in that it was out of date. It was then averred in the complaint that said ticket was not invalid for such reason, but was dated October 20, 1894, the day the plaintiff was a passenger on said train; that he tendered said ticket to the conductor and insisted that he be allowed to ride on said train as a passenger, but that the conductor refused to permit him to do so, and with the help of said employee, who was under his direction, forcibly and in a rough, rude and angry manner ejected plaintiff from said train, and used profane and abusive language to him in the presence and hearing of other passengers, all of which was done while said conductor was acting within the scope of his employment, and by reason of which acts and treatment of the said agents of the defendants "plaintiff was caused much mental suffering and anguish and injury to his feelings and actual pecuniary damages to the extent of one thousand dollars."

To the complaint as amended the defendants demurred upon the following grounds: 1. It does not set out or allege the terms of said ticket on which the plaintiff was attempting to ride, and does not contain a copy of said ticket. 2. It does not aver that the ticket on which the plaintiff was attempting to ride was a limited ticket and that the limit had expired. 3. Because said count as amended does not contain the name of the person who is alleged to have assisted in ejecting

the plaintiff from said train. The court overruled the demurrer, and the defendants duly excepted. The defendants pleaded the general issue and contributory negligence. In addition to the facts stated in the opinion, the other facts adduced on the trial, so far as they relate to the case as reviewed on the present appeal, may be summarized as follows: On June 8, 1895, Cashin brought suit against appellants to recover $1,000 for the alleged forcible, unlawful, willful and violent ejection of himself from one of appellant's trains on October 20, 1894, while he was on his way from Huntsville to Decatur, and while riding upon a ticket which (as alleged) was issued by appellants and authorized his safe transportation and respectful treatment between said two stations. The complaint was amended on April 15th, 1897, by alleging that when ejected he had a ticket which authorized his safe carriage between Huntsville and Madison Station. According to the evidence for appellee, he had and was attempting to ride on a valid ticket good between Huntsville and Madison Station, on the M. & C. R. R., and he presented this ticket to the conductor, A. J. Hall, which the conductor refused to take, claiming that it was out of date. According to Cashin, when the conductor came through the train after leaving Huntsville to collect fares, Cashin handed him the ticket offered in evidence. This ticket was stamped on the back "October 20th, 1894," but the stamp was very dim according to Cashin's own evidence, and the witness Grubbs when on the stand could not decipher the stamp without the aid of a magnifying glass. The conductor examined the ticket Cashin handed him, and a dispute arose between him and Cashin, the former claiming that it was out of date, and that Cashin would have to pay his fare or get off, while Cashin claimed that it was good and was purchased by him that morning. Cashin refused to pay fare, and insisted on his alleged right to ride on the ticket, and accordingly he was put off at a public road crossing about four miles west of Huntsville, after the train had come to a full stop. In the conversation between the conductor and Cashin prior to his getting off or being put off, no curse words or hard language was

used by the conductor; what was said and all that was said being narrated by Cashin, Albert Jones and Conductor Hall. When the conductor demanded his fare, and when the train was stopped and when Cashin was put off, he had in his pocket sufficient money to pay his fare to Madison, which he says was his intended destination at that time. He said nothing to the conductor, however, about having this money in his pocket, and refused to pay his fare; but after the train had been stopped and he had gotten off or been put off, he handed the conductor fifty cents, (or, as the conductor testified, one dollar), and got back on the train. Madison was the first station west of Huntsville, ten miles therefrom, and the cost of a ticket was thirty cents; Decatur was twenty-five miles west of Huntsville, and the ticket fare was 75 cents (train fare 98 cents). After the train had again started, when the conductor came through the car to return to Cashin his change out of the half dollar (or dollar) Cashin changed his mind and decided to go on to Decatur.

The conductor, Hall, testified that the ticket presented to him on the train was not the one offered in evidence, but was stamped on the back "October 13th, 1894," and by its terms was not good on the 20th, although it was the same style of ticket, with the same conditions, as that offered in evidence. Some of the evidence tended to show that the conductor aided by a brakeman led Cashin to the car platform and shoved or pushed him to the ground off the steps or platform. After the alleged ejection and after Cashin had handed the conductor fifty cents and gotten back on the steps or platform, and after the conductor had pulled the bell cord to go ahead, Cashin was cursed by the conductor (according to the evidence of Buchheit and Cashin.) This evidence was objected to, and it was denied by the conductor. The evidence does not show how much Cashin paid for the ticket; but the evidence shows that Harris, from whom he bought it, paid 30 cents for it. It does not appear that defendants issued the ticket, or that the conductor and brakeman were their employees. Hall testified that he told Cashin at Huntsville before

he got on the train, that his ticket was out of date, and would not entitle him to ride on the train.

Among the written charges requested by the defendant, to the court's refusal to give each of which the defendants separately excepted, was the following: "If you believe the evidence your verdict must be for the defendant."

There were verdict and judgment for the plaintiff, assessing his damages at $225. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved. In this court, there was a motion made to strike the bill of exceptions from the record, on the ground that the bill was not signed in the regular time prescribed by law.

HUMES, SHEFFEY & SPEAKE, for appellants, cited *Townsend v. R. Co.*, 56 N. Y. 295; *Hamilton v. R. Co.*, 53 N. Y. 25; *Fink v. R. Co.*, 4 Lansing, 147; *Pine v. R. Co.*, 52 Amer. & Eng. R. R. Cas., 584; *Magee v. O. R. & N. Co.*, 46 Fed. Rep. 734; *S. & N. R. R. Co. v. Huffman*, 76 Ala. 492; *Logan v. R. R. Co.*, 77 Mo. 663; *Smith v. R. R. Co.*, 10 Amer. & Eng. R. R. Cases, 264; *McGhee v. Drisdale*, 111 Ala. 597; *Dean v. Railroad Co.*, 98 Ala. 589; *Hall v. M. & O. R. R. Co.*, 15 Fed. Rep. 57; *Railroad Co. v. Grant*, 38 Kan. 608; 34 Amer. & Eng. R. R. Cases, 290.

O. KYLE and BRICKELL & BRICKELL, *contra*, cited 7 Rap. & Mack's Dig. Railway Law, 1060 (subd. 58, 59); 52 Amer. & Eng. Encyc. Railroad Cases, 205; *L. & N. R. R. Co. v. Whitman*, 79 Ala. 328; *A. G. S. R. R. Co. v. Arnold*, 84 Ala. 159; *M. & E. R. Co. v. Mallette*, 92 Ala. 217; *A. G. S. R. R. Co. v. Tapia*, 94 Ala. 232; *Railroad Co. v. Hammond*, 104 Ala. 191; *Railroad Co. v. Farmer*, 97 Ala. 141; *McKinley v. R. R. Co.*, 44 Iowa, 314; *Chicago, Etc. R. Co. v. Flagg*, 43 Ill. 364; 4 Rap. & Mack's Dig. R. Law, 233; 27 Amer. & Eng. R. R. Cases, 186.

SHARPE, J.—Appellee's motion to strike the bill of exceptions from the record in this case will be overruled. The motion is on the assumed ground that the bill was not signed in due time whereas the record discloses that

orders were made regularly extending the time for signing the bill of exceptions taken at the main trial and as well as at the hearing of the motion for a new trial.

The complaint sufficiently avers a case in tort for an alleged wrongful expulsion of plaintiff from a train. The relation of passenger and common carrier being averred as well as a breach of duty growing out of that relation, it was unnecessary to aver the terms of the contract of carriage or to set out the contents of the ticket on which plaintiff claimed the right to travel. *McGhee & Fink v. Reynolds*, 117 Ala. 413.

It is averred in the complaint that the persons who ejected plaintiff from the train were employees or agents of defendants who as receivers were operating the railroad. This most material averment was put in issue by the plea of not guilty and proof of it was essential to recovery. The fact that special pleas of contributory negligence were filed did not waive the general issue or the necessity for proof which that plea cast on the plaintiff. *Tenn. Coal, etc. Co. v. Hamilton*, 100 Ala. 252; *Lehman v. Shiver*, 129 Ala. 318; 5 Am. & Eng. Encyc. Law, 27. In the record there is a total absence of evidence to show or from which to infer that at the time of the alleged wrong, defendants were receivers of or operated the road or had any control over, or relation with, any person connected with its operation, nor is there anything to show that defendants waived the production of such proof. It does not appear, other than by the pleadings, that any dispute was waged as to those matters, but the court could not assume from such absence of dispute that the defendants admitted the existence of those facts.—*Brinson v. Edwards*, 93 Ala. 447, 455.

So much of the decision in *McKay v. So. Bell Tel. Co.*, 111 Ala. 337, as holds it proper to submit to the jury trying the case the question of whether a defendant, by his manner of conducting the trial, has waived the production of evidence which under the pleadings the plaintiff is otherwise bound to produce, is unsound and must be overruled. The question of such waiver when it arises must be determined by the court. It is not within the issues made by the pleadings which alone are triable by the jury.

It results from this omission of evidence to connect defendants with the wrong, that the refusal of the general affirmative charge asked in favor of defendants was error for which the judgment must be reversed. It may be the evidence will be supplied on another trial and therefore we will notice some contentions that will probably be then renewed.

If it be true that defendants were operating the road, and that as claimed by plaintiff he owned and offered to the conductor a ticket rightfully and on its face entitling plaintiff to carriage on train he was riding, he did not lose his character as a passenger by being forced from the car, nor did the ejection after it was accomplished authorize the conductor to disregard any duty he would have owed the plaintiff as a passenger but for the ejection. Abuse or insulting language if any addressed by the conductor to the plaintiff while the plaintiff was reentering the car to continue his journey was of the *res gestae*, admissible to be proved under the averments of the complaint as tending to illustrate the conduct and motives of the conductor and as a basis for damages as well.

According to plaintiff's testimony he offered the conductor a ticket stamped with the date of October 20 and so evidencing his right to travel that day as a passenger on the Memphis & Charleston railroad. The conductor looked at it and said in substance it was out of date, and that October 20th was not the date it bore. The stamp was dim but legible, and was so when the ticket was introduced on the trial. The question of the conductor's good faith in the position he took in respect of what stamp the ticket bore, was material as bearing on the question of punitive damages in case the plaintiff had shown a right to recover. To prove the stamped date was legible on the day plaintiff attempted to use it for passage, and that it was then in practically the same condition as when it was used on the trial, it was permissible to prove by third persons that they saw the ticket in plaintiff's possession on his arrival that day at Decatur and it then bore the legible stamp of October 20th. That these same persons were allowed while testifying to read the stamped endorsement to the jury

could not have injured defendant since the ticket itself was before the jury and the endorsement corresponded with their testimony. It was permissible to have the conductor read the stamp while being cross-examined for the purpose of testing his ability to read it aright at the time plaintiff presented it on the train.

Whether the ticket shown to third persons and exhibited on the trial was the same ticket offered the conductor was of course a question of fact about which plaintiff had no right to make evidence for himself out of what he said to third persons when he showed them the ticket.

Reversed and remanded.