# Birmingham Ry. L. & P. Co. *v.* Taylor

*Action for Injury to Passenger.*

(Decided July 2, 1907.   44 South. 580.)

1. *Carriers; Passengers; Action; Evidence.*—It was proper to admit evidence that cars usually stopped at a certain place where it was accustomed to let off passengers and that plaintiff received her injuries at that place on account of the sudden starting of the car while plaintiff was in the act of alighting.

2. *Trial; Objection to Question; Time.*—A party cannot object to a question to a witness for the first time after the qeustion was answered.

3. *Same; Instructions; Theory of Trial.*—Where the trial proceeded throughout on the assumption that defendant operated the car which caused the injury, it was not entitled to an instruction that there was no evidence that it operated the car.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by E. D. Taylor against the Birmingham Railway, Light & Power Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

This is an action of damages for personal injuries received by a passenger in alighting from a car on defendant's line. The allegations of the first count are that plaintiff was a passenger on one of said cars which was going from Birmingham to Avondale, and upon reaching a point at or near the intersection of Twentieth street and Avenue F the said car stopped at a point where it was accustomed to stop for passengers to alight, and plaintiff attempted to alight from said car, and while he was in the act of alighting, and before he had time to alight from said car, the same moved suddenly, throwing plaintiff to the ground and injuring him, etc.; and plaintiff avers that his said injuries were proximately caused by the negligence of defendant's employes in charge of said car in the management and operation thereof. The second count is the same the first, except that the negligence is alleged to the conductor. The third is the same as the first, except the negligence is alleged to the motorman. The facts sufficiently appear in the opinion.

Charge 1 given for plaintiff is as follows: "I charge you, gentlemen of the jury, that if you believe from the evidence that the car stopped at or near the switch adjacent to Avenue F for passengers to get off, and that the plaintiff was in the act of alighting, but that before he had time to alight the car gave a sudden jerk, and threw the plaintiff, and injured him, and that this sudden jerk was the sole proximate cause of plaintiff's injury then you must find in favor of the plaintiff." The other charge assigned as error appears in the opinion.

There was verdict for plaintiff in the sum of $1,500, and defendant appeals.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. —There being no allegation of any injury to the rib or special damages claimed for the same, the question to Dr. Davis and his answer should have been excluded.— *Dowdell v. King,* 97 Ala. 636; *Donell v. Jones,* 13 Ala. 490; *Lewis v. Paul,* 42 Ala. 136; *Hooper v. Armstrong,* 69 Ala. 343. There was no proof that the car was operated by the appellant and the charge requested should have been given.—*McKay v. Southern Bell Tel. Co.,* 111 Ala. 337. Admissions implied by silence should be received and weighed with great caution.—*Wiettish v. Kcifer,* 31 Ala. 189; Greenl. on Evi. (14 Ed.) § 199.

A. O. LANE, and W. K. TERRY, for appellee.—It was competent to show the custom of cars to stop at a particular place.—*M. & E. R. R. Co. v. Stewart,* 91 Ala. 422. The objection to the question to Dr. Davis came too late.—*Ellis v. The State,* 105 Ala. 75. The charges refused to the appellant were properly refused.—*M. & E. R. R. Co. v. Stewart, supra; Siniard's Case,* 123 Ala. 558. The charge given for plaintiff was free from error. —*Stewart's Case, supra; Hales' Case,* 90 Ala. 8.

HARALSON, J.—The first assignment of error is, that the court erred in overruling defendant's objection to the question to Spencer, witness for plaintiff, viz : "At that time (of the injury) state to the jury whether cars were in the habit of stopping just this side of Avenue F on Twentieth street to let passengers off and on?" Defendant objected to the question because it called for irrelevant, immaterial and incompetent evidence, and because it was not an inquiry in reference to cars on the line on which plaintiff was injured.

There can be no doubt, but that the question related to the car on which plaintiff was a passenger. The plain-

tiff claimed that they stopped at Avenue F on Twentieth street, and started while he was in the act of alighting, while the defendant's contention was, that it did not stop there. The jury could not have been confused or misled by the question; and if the cars had been in the habit of stopping there, the evidence would tend to sup- port plaintiff's contention.—*M. & E. R. Co. v. Stewart,* 91 Ala. 422, 8 South. 708.

2.   Plaintiff asked his witness, Dr. Davis, "Well, now, the injury about the rib, to what extent was that in- jured?" The objection of the defendant to the question was, that it called for testimony in regard to a special injury not claimed in the complaint. The allegation of the complaint was, that while he was in the act of alight- ing, the car moved suddenly forward and threw "plain- tiff to the ground and severely injured him internally (rupturing him) and also injuring him on the body ex- ternally, and greatly injuring his nervous system," etc. When the question was propounded, no objection was in- terposed to it and the witness answered, "Well, a good deal of exosmosis." Then it was—after the question was answered—that defendant raised his objection to it. It would seem that the allegations of the complaint were broad enough to cover the injury to the ribs; but even if this were not so, the objection came too late. A party cannot speculate on what an answer to a question will be, and after it comes out, object to it or move to rule out the answer.—*Ellis v. State,* 105 Ala. 73, 17 South. 119. The same thing is true of the question which imme- diately followed the one last referred to.

3.   The third assignment is, the refusal of the court to charge, "that if the jury believe the evidence they can- not find a verdict for plaintiff under the third count of the complaint." That count averred that plaintiff's in- juries were caused by "the negligence of defendant's

[Birmingham Ry. L. & P. Co. v. Taylor.]

motorman who was operating said car, in the manage-
ment and operation thereof."

The only insistence in argument by defendant's coun-
sel as to this charge is, "that there was an entire ab-
scence of testimony that the defendant operated the
railroad or the car alleged." It occurs to us, that the
objection is too technical to be meritorious. The course
of the trial, the questions propounded by defendant's
counsel, and the charges asked by defendant, all indi-
cate that the point now raised was not disputed. The
ownership and operation of the cars by the defendant
company was not raised on the trial, but appears to have
been unquestioned. The defendant pleaded not guilty,
and contributory negligence of the plaintiff which prox-
imately contributed to his injury.

On this point, the plaintiff, Taylor, was asked "to tell
the jury, whether cars, the defendant's cars, were in the
habit of stopping there (at Avenue F) for the purpose
of letting passengers on and off?" and he replied, "Yes,
sir." Mr. Glass, for defendant, was asked by its counsel,
if he was a motorman on the car on which Mr. Dean was
conductor, in January, 1904, when a passenger was hurt
on Twentieth street, near Avenue F, and he replied that
he was its regular conductor; and Dean, introduced by
defendant, testified that he was on the car at the time
plaintiff was hurt. As stated, the defendant in the
course of the trial, seems to proceed on the implied ad-
mission, without denying that it was defendant's car on
which plaintiff was a passenger when hurt, and the evi-
dence plainly enough shows it. The court properly re-
fused to give said charge.—*McGhee v. Cashin,* 130 Ala.
568, 30 South. 367.

In the light of the evidence and of the issues made in
the case, there was no error in giving charge one re-
quested by plaintiff.

4.   The motion for a new trial is based on grounds already passed on above, except that the verdict was contrary to the evidence and was excessive.   There was evidence tending to support the verdict, and evidence tending to support the defense.   It was for the jury to settle the controversy of fact, and, "allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is not sufficient to clearly convince us that it is wrong and unjust."—*Cobb v. Malone,* 92 Ala. 631, 9 South. 738.

Considering the injury the evidence shows the plaintiff received, its character and disabling effects, we cannot say that the verdict for $1,500 was excessive.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.