# L. & N. R. R. Co., v. Davener.

### Crossing Accident.

(Decided May 19, 1909. Rehearing denied June 30, 1909. 50 South. 276.)

1. *Railroads; Crossing Accident; Contributory Negligence; Jury Question.*—Where it appeared that the train had just cleared the crossing by twenty or thirty feet and was reversed, and it might have been at a time when plaintiff started over the crossing, and then have started back and struck the rear end of plaintiff's wagon, the question as to whether the train had started back when plaintiff attempted the crossing, and that plaintiff knew it, was one for the jury.

2. *Same.*—Whether it was wanton misconduct to reverse a train after clearing a populous crossing and to immediaately re-cross it without giving any warning or signal, and without first ascertaining that the crossing was clear, or that a flagman was there to warn persons, was one for the jury.

3. *Same; Duty of Engineer.*—The engineer of a switch engine is presumed to know the surroundings and conditions at a public crossing.

4. *Same.*—It is the duty of the engineer to know that the way is clear at a populous crossing, as well as to sound the whistle at short intervals and ring the bell when passing through a town.

5. *Evidence; Complaint of Suffering.*—It is competent to permit evidence of suffering and that on the day after the injury, plaintiff complained of his injury and said that his limbs and back were hurting him.

[L. & N. R. R. Co. v. Davener.]

6. *Trial; Reception of Evidence; Admissible in Part.*—Where a part of an answer was proper, it was not error to exclude the whole answer, although a part. thereof was improper.

7. *Appeal and Error; Harmless Error; Evidence.*—Although it may not have been material or proper to show the custom as to driving over the crossing where the accident occurred, yet, where the evidence offered showed that people drove rapidly and the jury could have inferred from the same that had plaintiff complied with the custom, he would have escaped injury, the admission of such evidence is harmless.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by John Davener against the Louisville & Nashville Railroad Company for injuries sustained in a crossing accident. Judgment for plaintiff, and defendant appealed. Affirmed.

The following charge was given for the plaintiff: "I charge you that at such a crossing as where the accident happened in this case, as shown by the evidence, it is the duty of an engineer in charge of an engine on a railroad to know the way is clear before crossing; and it is the duty of engineers or other persons in charge of trains, to ring the bell or blow the whistle of engines at short intervals while passing through the limits of the town."

The following charges were refused to the defendant: (1) General Affirmative charge. (2) Affimative charge as to the first count. (3) Affirmative charge as to the second count.

JOHN C. EYSTER, for Appellant. The court erred in permitting evidence of complaint on the day following the accident. *Gosling v. Williams*, 151 Ala. 592; *Ashford v. Ashford*, 136 Ala. 631; *Hames v. Brownlee*, 62 Ala. 277.

It was not shown that Davener was acquainted with the custom of crossing if such existed, and hence, the evidence of the custom was not admissible.—*Simon v. Johnson*, 101 Ala. 368. Even if the custom existed Dav-

ener could not relieve himself from the effect of his own negligent act by showing the custom. *George v. M. & O.* 109 Ala. 256; *Andrews v. Bir. Min.* 99 Ala. 438. The court erred in giving the charge requested by appellee, and in refusing the one requested by the appellant.— *Tuscaloosa W. W. Co. v. Herrin*, 131 Ala. 81.; *L. & N. v. Young*, 45 South. 238. The court should have given charge 3 as applied to the second counts of the complaint.—*Gaynor v. L. & N.*, 136 Ala. 256.

CALLAHAN & HARRIS, for appellee. It is competent to show expressions of pain the day following the accident.—*Postal T. Co. v. Jones*, 133 Ala. 228. It was competent to elicit evidence of the custom as to crossings.— *C. of Ga. v. Partridge*, 34 South. 927. The charge given at the instance of the plaintiff is correct. *Loggins v. McCutchen.* 109 Ala. 457; Secs. 3440 and 3441, Code 1896. The evidence tended to support the second count, and hence, the court did not err in refusing the charge requested by the defendant as to that count.—*M. J. & K. C. R. R. Co. v. Smith*, 45 South. 57; *B. R. L. & P. Co. v. Landrum*, 45 South. 202.

ANDERSON, J.—The appellant's counsel in argument concedes that there was proof in support of the simple negligence count of the complaint, but contends that the defendant was entitled to the general charge as to said count because the pleas of contributory negligence were proven. These pleas set up, as proximate contributory negligence, a failure to stop and look and listen before attempting to cross the track, and an attempt to cross after the train had started back, and after he saw it moving back. There was proof that plaintiff had already stopped near the track, and that, when he started across, the train was either going forward or was at

a standstill, and that it proceeded to back after he had started to cross. It was therefore a question for the jury as to whether or not he knew the train was backing when he went upon the crossing, and whether or not a failure to stop and look and listen was the proximate cause of his injury.—*Central of G. Ry. Co. v. Hyatt,* 151 Ala. 355, 43 South 867. The jury could have found from some of the evidence that the train had not started back until the plaintiff's mule had reached the crossing. The train had just cleared the crossing by 20 or 30 feet, was reversed and started back, and could have been at a stand when the plaintiff started over the crossing, and then started back and struck the rear of the wagon before it had cleared the track. Of course, the defendant's evidence showed that the train was moving backwards when the crossing was attempted, but there was some evidence to the contrary, and it was a question for the jury as to whether or not the plaintiff was guilty of proximate contributory negligence as set up in defendant's special pleas. There was proof that the crossing was a very populous one, and it was for the jury to determine from the evidence whether or not the act of the engineer in reversing the engine and immediately recrossing the said crossing, with the rear end of his train, which had just been cleared by the said train's going in the opposite direction, without giving any warning or signal and without first ascertaining that the crossing was clear or that a flagman was there to warn persons attempting to cross, amounted to wanton misconduct as charged in the second count. The engineer was in charge of the switching train at this particular point, and it must be presumed that he was conscious of the surroundings and conditions at the crossing. *C. of G. Ry. Co. v. Partridge,* 136 Ala. 578, 34 South. 927. It is true the train may not have been go-

ing back at a great rate of speed and that to have gone over the crossing under different conditions and without warning and at other times might not have amounted to wantonness; but it was a question for the jury as to whether or not the backing of this train under the peculiar circumstances then existing amounted to wanton misconduct. The train was going forward, and just after clearing the crossing suddenly reversed its course and came back and recrossed an opening just made, which said opening created an implied invitation to people who may have been waiting to cross.

The trial court did not err in refusing charges 1, 2, and 3, requested by the defendant, nor was there error in giving charge 1 requested by the plaintiff.

There was no error in permitting the witness Ashford to testify that plaintiff was complaining the next day of his injuries and said that his limbs and back were hurting. *Postal, etc., Co. v. Jones,* 133 Ala. 228, 32 South. 500. If what the witness said as to what "seemed" to him as to the plaintiff's "laying more stress on his back" was improper, it should have been separated from the other part of the answer; and the trial court will not be put in error for refusing to exclude the entire answer. It may not have been material or proper to show the custom as to how the people drive teams over this crossing, but the evidence was of no detriment to the defendant. The proof shows that they drive rapidly, and the jury could have inferred that, if the plaintiff had complied with with this custom, he would have cleared the defendant's track before the train struck his wagon.

The judgment of the county court is affirmed.

Affirmed.

SIMPSON, DENSON, McCLELLAN, MAYFIELD and SAYRE, JJ., concur.