# Birmingham Railway, Light & Power Co. v. Leach.

## *Crossing Accident.*

(Decided May 14, 1912. 59 South. 358.)

1. *Appeal and Error; Presumptions; Charges.*—Separate exceptions to written charges given or refused are presumed under section 3106, Code 1907.

2. *Same; Showing Error.*—Where charges are requested in bulk, the court will not be put in error for refusing all, if one or more are bad.

[Birmingham Railway, Light & Power Co. v. Leach.]

3. *Same; Objections; Raised Below.*—Where there was no dispute during the trial that defendant owned the car causing the injury, and the charges referred to the car as the defendant's car, the point that the bill of exceptions contained no proof of the ownership of the car cannot be raised for the first time on appeal.

4. *Bill of Exceptions; Sufficiency; Requested Instructions.*—The statement as to the request for and refusal of written instructions examined and the bill of exceptions held to show sufficiently that such instructions were separately asked and separately considered by the presiding judge and refused.

5. *Street Railways; Wanton Injury; Jury Question.*—Under the evidence in this case, it was a question for the jury to determine whether plaintiff was entitled to recover for wanton, wilful or intentional injury.

6. *Same; Lookout.*—The motorman on a street car is under the duty of keeping a lookout for persons on or near the track.

7. *Same; Presumption.*—A motorman approaching a busy and populous crossing in a city will be presumed to be conscious of the conditions and surroundings, and this presumption is properly submitted to the jury on the question as to whether he did know of such condition.

8. *Same; Wanton Injury.*—To run a street car over a crossing at such a reckless rate of speed that it would be impossible or impracticable to prevent striking a person on such crossing amounts to wanton negligence.

9. *Same.*—Where a motorman does or omits to do any act with reckless indifference to the natural or probable consequences, being conscious from a knowledge of existing circumstances that his neglect will probably result in injury, any one injured thereby may recover as for a wanton or wilful injury, although there was no intention to inflict injury.

10. *Same; Instructions.*—In an action for injuries received at a crossing, a charge asserting that on the evidence the motorman of the car which struck plaintiff was not required to bring his car to a stop before crossing the street, could be construed to mean that no duty rested upon the motorman, to stop his car before crossing the street, although he saw plaintiff on the crossing, and could have stopped in time to have prevented the injury, and knew that by not stopping, he would injure plaintiff, and hence, was properly refused.

11. *Same; Speed of Car; Instructions.*—Where the question as to whether the speed of the car constituted simple or wanton negligence, depended upon the finding of the jury upon the facts and circumstances in evidence, a charge asserting that the speed did not constitute wanton negligence, or that it is simple negligence only, though abstractly correct, was refused without error on account of its misleading tendencies.

APPEAL from Birmingham City Court.
Heard before Hon. C. C. NESMITH.

Action by William C. Leach against the Birmingham Railway, Light & Power Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The caption in the bill of exceptions referred to in the opinion is as follows: "That at the conclusion of the court's oral charge the defendant in open court, and in the presence of the jury, and before it retired, requested the court separately and severally in writing to give to the jury each of the following charges. The court thereupon separately and severally refused to give each of said written charges so requested by the defendant, and indorsed on it the words: 'Refused. C. C. Nesmith, Judge.' And the defendant then and there in open court, in the presence of the jury, and before it retired, separately and sverally excepted to the refusal of the court to give each of the charges requested by it." The fourth charge is as follows: "The court charges the jury that, if they believe the evidence, the motorman in charge of the car which struck plaintiff was not required to stop his car before crossing Twenty-Fourth Street. (5) The court charges the jury that the mere fact, if it be a fact, that the car which struck plaintiff was running at 20 miles an hour as it was crossing Twenty-Fourth street, is simple negligence only." "(7) The fact, if it be a fact, that the said car which struck plaintiff was running at 20 miles an hour at the time of the accident, does not in and of itself constitute wantonness."

TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellant. The second count purports to charge wanton, wilful or intentional negligence, and the jury were not authorized from the evidence to find for such negligence, and hence, the court erred in refusing the affirmative charge for the defendant as to that count.

—*G. P. R. R. Co. v. Lee,* 92 Ala. 262; *L. & N. v. Anchors,* 114 Ala. 499; *Same v. Webb,* 94 Ala. 309; *Same v. Brown,* 121 Ala. 25; *B. R. & E. Co. v. Bowers,* 110 Ala. 328; *M. J. & K. C. R. R. Co. v. Smith,* 153 Ala. 131; *M. & C. v. Martin,* 117 Ala. 382. The plaintiff's negligence was beyond question, the direct and efficient cause of his injury.—*Frazier's case,* 81 Ala. 185; *Wetherly v. N. C. & St. L.,* 51 South. 961. Counsel discuss the other charges refused, but without citation of authority except as to the 5th charge, to which they cite the following.—*N. C. & St. L. v. Harris,* 142 Ala. 252; *H. A. & B. v. Maddox,* 100 Ala. 618; *Weatherly v. N. C. & St. L., supra; A. G. S. v. Guest,* 144 Ala. 380; *Ga. Pac. v. Lee, supra.* Counsel discuss the refusal of the motion to grant a new trial, but without citaion of authority.

ALLEN & BELL, for appellee. Appellant is not in position to insist that the court erred in refusing the written charges, as it appears that they were requested in bulk, and acted on as a whole.—*Jones v. The State,* 150 Ala. 54; *Town of Vernon v. Wedgeworth,* 148 Ala. 496, and authorities cited. The argument that the bill of exceptions fails to show defendant's ownership of the car inflicting the injuries is too technical for consideration, and cannot be raised for the first time on appeal. —*B. R. & P. Co. v. Taylor,* 152 Ala. 105. The question of wantonness under the evidence was for the jury.— *A. G. S. v. Guest,* 144 Ala. 373; *Same v. Burgess,* 119 Ala. 555, and authorities cited; *B. R. L. & P. Co. v. Landrum,* 153 Ala. 192. The charge that the motorman was not under any duty to stop the car before crossing the street was susceptible of a dangerous construction, and was very misleading.—*Green & Co. v. Brady,*

152 Ala. 507; *Postal T. Co. v. Jones,* 133 Ala. 217; *Woodworth v. Williams,* 101 Ala. 269.

PELHAM, J.—The appellee brought his suit in the trial court to recover damages of the appellant for personal injuries, and the case was submitted to the jury on the second count of the complaint alone, alleging willful, wanton, or intentional conduct on the part of the defendant, its servants or employees in charge of defendant's street car in running the same against and injuring appellee, who was attempting to cross one of the streets in the city of Birmingham in the night time at or near the intersection of two public streets.

The assignments of error are based on the court's refusal to give certain charges requested in writing by the appellant, and overruling a motion for a new trial. The appellee insists in two briefs filed by counsel that no separate exception is shown to have been reserved to the refused charges, and that therefore the appellant is in no position to complain of the court's action in refusing the charges. Under the statute separate exceptions to written charges given or refused are presumed. —Code, § 3016; *Choate v. Ala. Gt. So. R. R. Co.,* 170 Ala. 590, 54 South. 507; *O'Connor v. Dickson,* 112 Ala. 304, 311, 20 South. 413.

Charges must be *requested* separately, and if requested in bulk the court cannot be put in error for refusing all if one of them is bad.—*Stowers Furniture Co. v. Brake,* 158 Ala. 639, 48 South. 89; *Jones v. State,* 150 Ala. 54, 43 South. 179.

The case relied upon by appellee (*Town of Vernon v. Wedgeworth,* 148 Ala. 490, 496, 42 South. 749, and the authorities cited there, which are also cited by appellee) is to the same effect, and these authorities do not hold, as contended by appellant, that the trial court

cannot be put in error for refusing charges unless an exception to each separate charge is shown, but only that if not requested separately the court will not be put in error if one of the charges is erroneous.

The recitals in the bill of exceptions in this case clearly show that the charges were requested separately, and that each was separately considered and marked "refused" by the presiding judge (*Ala. S. & W. Co. v. Griffin*, 149 Ala. 423, 42 S. W. 1034), and there can be no question but that the action of the trial court in refusing each of these charges is properly presented to this court for review. (The reporter will set out in the statement of the case the caption immediately preceding the refused charges shown by the bill of exceptions on page 20 of the transcript.)

The appellant insists that the evidence as shown by the bill of exceptions contains no proof that the defendant owned or operated the railroad, or the car that struck the plaintiff, or that the motorman was an employee of the defendant company. This point does not seem to have been disputed on the trial, and the entire course of the trial and the charges requested by the defendant plainly show that the ownership and operation of the car by the defendant was not questioned or challenged in any way, but was treated throughout as matter over which there was no controversy. The witness Stewart was asked about the equipment of the cars of the Birmingham Railway, Light & Power Company with reference to the time of the injury, and the defendant's counsel, among other objections, objected to the question on the ground that the condition of the particular car causing the injury was not shown to be known to the witness. The defendant requested charges in which it referred to the car in question as the defendant's car, and to the person operating the car as the

motorman in charge of the car. In passing upon a similar objection in a comparatively recent case, and made by this same appellant, the Supreme Court has said: "It occurs to us that the objection is too technical to be meritorious. The course of the trial, the questions propounded by the defendant's counsel, and the charges asked by the defendant, all indicate that the point now raised was not disputed. The ownership and operation of the cars by the defendant company was not raised on the trial, but appears to have been unquestioned."—*B. R. L. & P. Co. v. Taylor,* 152 Ala. 105, 109, 44 South. 580, 581. What was said in that case applies equally, and with as compelling force, to the instant case.

There was sufficient evidence to submit to the jury the question of the plaintiff's right to recover on the second count, alleging wanton, willful, or intentional injury. There was evidence that the plaintiff while attempting to cross a street in the city of Birmingham at a street crossing in a populous section of the city, where people frequently crossed the street, was run against by a street car running at a rate of speed of about 20 miles an hour; that this injury occurred at night; that plaintiff did not see the car until it struck him; that there was a street light overhead near by the place where plaintiff was struck, which was giving a good light, and the car had a headlight that was burning, and an object could be seen on the track for a distance of half a block or more in front of the car; that the track was straight for some distance (about two blocks) in the direction the car approached the place of striking the plaintiff, and the view unobstructed; that the car could have been stopped in 20 or 50 feet, but was not stopped after striking plaintiff until it had gone the distance of about half a block; that no signal

or warning was given before the car struck the plaintiff, knocking him several feet from the track.

There was no direct proof that the motorman was keeping a lookout, but this he is required to do by law (*Anniston Electric & Gas. Co. v. Elwell,* 144 Ala. 317, 42 South. 45), and, it being at a populous crossing in a city where people were likely to be crossing, it must be presumed the motorman was conscious of the surroundings and conditions (*L. & N. R. R. Co. v. Davener,* 162 Ala. 660, 50 South. 276), and this inference or presumption is a proper matter to submit to the jury to determine whether he did know of such conditions (*C. of G. Ry. Co. v. Partridge,* 136 Ala. 587, 24 South. 927), and if he did know of them, and knew that his conduct in the running, operation, or management of the car would likely or probably result in injury, and through reckless indifference to consequences, or consciously and intentionally, on his part, the injury was inflicted, it would be such an act as would entitle the plaintiff to recover under the second count of his complaint, alleging wanton, willful, or intentional injury.

Under the evidence in this case it was properly left to the jury to say whether the motorman did any act or omitted to do any act with reckless indifference or disregard of the natural or probable consequences with the consciousness from knowledge of existing circumstances and conditions that his conduct would probably result in injury; and, if the jury arrived at such a conclusion, this would be wantonness for which the plaintiff could recover under the second count, alleging a wanton, willful, or intentional injury, even though the jury should also believe there was no intention to inflict the injury.—*B. R. L. & P. Co. v. Landrum,* 153 Ala. 192, 45 South. 198, 127 Am. St. Rep. 25; *L. & N. R. R. Co. v. Anchors,* 114 Ala. 492, 22 South. 279, 62 Am. St. Rep.

116. See, also, the case of *B. R. L. & P. Co. v. Oldham,* 141 Ala. 200, 37 South. 452, 3 Ann. Cas. 333, in which it was said, under somewhat similar facts to those presented in this case, that a recovery under the count alleging wanton, willful, or intentional negligence was properly submitted to the jury.

The fourth charge requested by the defendant was properly refused. It could be construed to mean that no duty rested on the motorman to stop his car before crossing Twenty-Fourth street, even though he saw the plaintiff on the crossing and could have stopped the car in time to have prevented the injury, and knew that by not stopping he would strike and injure the plaintiff.

The court cannot be put in error for refusing the charges requested by the defendant seeking to instruct the jury that the rate of speed at which the car was run did not constitute wanton negligence, or that it was but simple negligence. While probably these charges may have correctly stated abstract propositions of law, as applied to this case the charges were decidedly misleading, as it depended entirely upon the surrounding conditions and attendant circumstances and what the jury believed from the evidence as to these matters whether this running at the rate of speed shown by the evidence was but simple negligence. If the jury believed from the conditions surrounding and causing the injury as shown by the evidence that there was a likelihood of peril to the plaintiff known to the motorman, and through reckless indifference to consequences he consciously and intentionally caused the car to run over the crossing at such a reckless rate of speed that it would be impossible or impracticable to prevent striking the plaintiff, this would amount to wantonness.—*M. J. & K. C. R. R. Co. v. Smith,* 153 Ala. 127, 45 South. 57,

127 Am. St. Rep. 22. Running a car across a public thoroughfare at such a high rate of speed as that injury cannot be prevented after discovering the peril may constitute wanton negligence.—4 Mayfield's Dig. p. 300, § 93, and authorities there cited. No error can be imputed to the court in refusing charges having a misleading tendency, even though they assert a correct proposition of law.—*Atlanta & Birmingham A. L. Ry. Co. v. Wheeler*, 154 Ala. 530, 46 South. 262; *So. Ry. Co. v. Hobbs*, 151 Ala. 335, 43 South. 844.

The court was not in error in overruling the defendant's motion for a new trial, and, as no reversible error is presented by the assignments of error, the case will be affirmed.

Affirmed.