[No. 194-1.    Division One—Panel 2.    December 14, 1970.]

ANDREW S. STRATTON, *Respondent,* v. U. S. BULK CARRIERS, INC., *Appellant.*

*Howard, LeGros, Buchanan & Paul* and *Theodore A. LeGros,* for appellant.

*Casey & Pruzan* and *Jack M. Sawyer,* for respondent.

HOROWITZ, A. C. J.—Plaintiff (respondent) recovered judgment in an action tried to the court for injuries sustained while a crew member of the SS *Caper*. Judgment was entered jointly against the defendant (appellant) U. S. Bulk Carriers, Inc., Merchant Carriers, Inc. and the SS *Caper*. Only the U. S. Bulk Carriers, Inc. appeals.

Plaintiff was a member of the crew of the vessel SS *Caper* on June 2, 1967, when it was at sea. He was injured while descending a ladder. One handrail next to the ladder was partially obstructed by a long plank which was placed between the handrail and the bulkhead. He slipped and, having only his right hand on the guardrail, fell to the bottom of the ladder. He was unable to get a grip on the obstructed handrail to prevent his fall. The court found that at the time of the accident the SS *Caper* was unseaworthy and that such unseaworthiness was the proximate cause of the injuries sustained. The court further found that the SS *Caper* was a Victory ship "operated by the

Merchant Carriers, Inc. as general agents for U. S. Bulk Carriers, Inc."

The last mentioned finding is the basis of plaintiff's claim that appellant U. S. Bulk Carriers, Inc. owed plaintiff the duty of furnishing a seaworthy ship. The issue of operation of the SS *Caper* by appellant was made by the pleadings and the finding dealt with that issue. Appellant claims the finding is unsupported by the evidence. If so, the finding must be disregarded (*see Muehlman v. Spokane & Inland Empire R.R.*, 58 Wash. 327, 328, 108 P. 764 (1910)); and if the evidence would not support an alternative finding supporting liability on a different ground (*see Lucas Flour Co. v. Teamsters Local 174*, 57 Wn.2d 95, 356 P.2d 1 (1960)), there being no claim that the damages awarded are excessive or otherwise improper or that the SS *Caper* was a seaworthy ship, we could reverse for a new trial limited to the question of whether appellant owed plaintiff a duty to furnish him a seaworthy ship. *See* Annot. 34 A.L.R.2d 988 (1954); *Gnash v. Saari*, 44 Wn.2d 312, 267 P.2d 674 (1954). Appellant claims that there is no evidence that it owed plaintiff a duty to furnish him a seaworthy ship. For reasons later set forth, we find that proof of the existence of that duty was waived.[1]

---

[1] The finding that the SS *Caper* was operated by Merchant Carriers, Inc. "as general agents" for appellant describes what in common law terms is a relationship of general agency. One of the incidents of that relationship is control "probably the most important factor under maritime law, just as it is under the tests of land-based employment." *United States v. W. M. Webb, Inc.*, 397 U.S. 179, 25 L. Ed. 2d 207, 216, 90 S. Ct. 850 (1970); *Miles v. Pound Motor Co.*, 10 Wn.2d 492, 117 P.2d 179 (1941). A shipowner who is in control of a ship has a duty to furnish a seaworthy ship to the members of its crew. Because control is the governing characteristic of the maritime relationship giving rise to the duty, one who is not a shipowner but who has control by a bareboat or demise charter, for example, is treated as an "owner pro hac vice." Such an owner, like a shipowner, has a duty "to indemnify seamen in his employ for injuries caused by the unseaworthiness of the vessel or its appurtenant appliances and equipment." *Vitozi v. Balboa Shipping Co.*, 163 F.2d 286 (1st Cir. 1947); Gilmore and Black, Law of Admiralty 218 (1957). One who is denominated as a "general agent" under maritime law inferentially is under the control of the principal and the principal becomes liable for the acts of the general agent under

■ Preliminarily, appellant contends that in reviewing the record, we should exclude from consideration a "supplemental statement of facts" obtained by the plaintiff, certified by the trial court over appellant's objection, and filed in this court after appellant had served and filed its opening brief. The supplemental statement was obtained after the time for serving and filing the original statement of facts had expired. Plaintiff relies on CAROA 37 as requiring us to consider the supplemental statement of facts as part of the record on appeal. We agree with appellant, however, that CAROA 37 as construed is insufficient for that purpose. *Desimone v. Mutual Materials Co.*, 20 Wn.2d 434, 147 P.2d 945 (1944); *Palin v. General Constr. Co.*, 45 Wn.2d 721, 277 P.2d 703 (1954). Our review is therefore confined to the record on appeal without the supplemental statement of facts.

Plaintiff contends that appellant's claim that there is no evidence to show the existence of the duty owing is made too late because it is asserted for the first time on appeal. Plaintiff in effect further contends on appeal that the necessity to prove the existence of the duty to furnish a seaworthy ship was waived by the way in which the case was tried. We agree with both contentions.

■ A contention not advanced below cannot be urged for the first time on appeal for the purpose of revers-

agency principles. *See Compagnia Maritima La Empressa, S.A. v. Pickard,* 320 F.2d 829 (5th Cir. 1963); *Ruiz Pichirilo v. Maysonet Guzman,* 290 F.2d 812 (1st Cir. 1961). Although our attention has not been called to any decision in which one occupying the position of a shipowner's principal was held responsible for the shipowner's duty to furnish a seaworthy ship, the reasoning of the above cases cited in this footnote points to such responsibility. The findings do not expressly state that Merchant Carriers, Inc. was the owner of the SS *Caper* but they do state that the ship was "operated by Merchant Carriers, Inc." The latter statement permits an inference of control implicit in operation. In defendants' answers to plaintiff's interrogatories filed in the cause long prior to trial, ownership of the SS *Caper* by Merchant Carriers, Inc. is admitted. The answers were not, however, introduced as evidence. *See Esborg v. Bailey Drug Co.,* 61 Wn.2d 347, 378 P.2d 298 (1963). Had defendants' answers been introduced in evidence, they would have supported the challenged finding.

ing the judgment appealed from. The trial court is the proper forum for the initial assertion of all the contentions of the parties so that the parties may, in light of the contentions advanced, make their record and so that the trial court may have an opportunity to rule upon the contentions advanced. *See Puget Sound Marina, Inc. v. Jorgensen,* 3 Wn. App. 476, 475 P.2d 919 (1970); *State v. Ashby,* 77 Wn.2d 33, 459 P.2d 403 (1969); *Birmingham Ry., Light & Power Co. v. Leach,* 5 Ala. App. 546, 59 So. 358 (1912). Moreover, a party entitled to the benefit of an issue made by the pleadings may, through his attorney at trial, withdraw such an issue from contest. *Birmingham Ry., Light & Power Co. v. Leach, supra; Birmingham Ry., Light & Power Co. v. Taylor,* 152 Ala. 105, 44 So. 580 (1907); *Mc-Ghee v. Cashin,* 130 Ala. 561, 30 So. 367 (1901); *see* 7 Am. Jur. 2d *Attorneys at Law* §§ 120-22 (1963). If the issue is impliedly withdrawn, the party entitled to the benefit of the issue in effect waives the necessity of proof of that issue by the opposing party. Generally, waiver is not dependent upon the waiving party's subjective intent not to waive. His conduct, if inconsistent with any such intent, controls. *Pennsylvania Cas. Co. v. Suburban Serv. Bus Co.,* 211 S.W.2d 525, 530 (Mo. App. 1948); *Mundt v. Mallon,* 106 Mont. 242, 76 P.2d 326, 328 (1938); *Tisdel v. Central Sav. Bank & Trust Co.,* 90 Colo. 114, 6 P.2d 912, 917 (1931); 92 C.J.S. *Waiver* 1061-62 (1955).

In the instant case, each side offered evidence and argument. Defendants, appearing by the same counsel, supported their contentions by filing a joint memorandum of authorities. By its manner of statement, court and counsel below were apparently and understandably led to believe that the existence of the duties owed to the plaintiff was a matter as to which there was no controversy. In its conclusion, consistent with the memorandum's prior text, the memorandum states what plaintiff must prove in order to recover. The only matters mentioned are that plaintiff would have to establish that "the owners of the vessel were in some respect negligent, or that the vessel or some part

thereof was not reasonably safe . . ." and that "such negligence or unsafe condition was the proximate cause of his accident." There is no mention in the statement of conditions precedent to recovery that there must be proof of the existence of the duties owed by the appellant including the duty to furnish a seaworthy vessel to the plaintiff. By thus confining the issues on liability to those stated, the memorandum necessarily implied that the only controverted issues on liability were those that had to do with the breach of duties, the existence of which was assumed to be owing. The defendants' unargued motion to dismiss made at the close of the plaintiff's case was perfunctory and dealt solely with breach of the duties assumed to be owing and damages proximately caused thereby. Thereafter evidence in defendants' case was confined to the subject of breach of the assumed duties owing. The court's oral opinion in favor of the plaintiff limited itself to a determination of the questions submitted, namely whether there had been a violation of the duties owed, the existence of which was assumed. Defendants' counsel interposed an objection to the tenor of the court's oral opinion at one point, but made no objection based on the absence of proof of the existence of defendants' duty to furnish a seaworthy ship. Moreover, the entry by the court of the challenged finding—essential to liability—confirms that the court believed from the way in which the case was tried that the duty owed was not a contested issue. Indeed the appeal record fails to show that defendants at any time during trial contended below that there had been a failure to prove the existence of the duty to furnish a seaworthy ship.

The trial court and counsel may have assumed from the language of the memorandum and the course of trial below that defendants deemed it pointless to insist on proof of the existence of the duty owed only to have plaintiff's counsel read into evidence the long filed answers to interrogatories to the effect that Merchant Carriers, Inc., on the date of the accident, was the owner of the SS *Caper* and that Merchant Carriers, Inc. at that time was operating the vessel as

"general agents for U. S. Bulk Carriers, Inc." If, however, trial court and counsel were mistaken in the above described assumption and if the intent of appellant was not to withdraw from contest the issue of the existence of the duty to furnish a seaworthy ship, implied waiver of the issue by objective conduct was nevertheless effected by the course of trial above described.

The legal principle adopted in *Birmingham Ry., Light & Power Co. v. Leach,* 5 Ala. App. 546, 551, 59 So. 358, 360 (1912) is applicable here. In affirming the judgment, the court said:

> The appellant insists that the evidence as shown by the bill of exceptions contains no proof that the defendant owned or operated the railroad, or the car that struck the plaintiff, or that the motorman was an employee of the defendant company. This point does not seem to have been disputed on the trial, and the entire course of the trial and the charges requested by the defendant plainly show that the ownership and operation of the car by the defendant was not questioned or challenged in any way, but was treated throughout as matter over which there was no controversy.

*See also Birmingham Ry., Light & Power Co. v. Taylor, supra; McGhee v. Cashin, supra.* Hence, even if the existence of the duty to furnish a seaworthy ship is not expressly supported by the evidence, we may nevertheless affirm because the record is sufficient to show an implied waiver of proof of an issue otherwise in contest. A judgment appealed from may be affirmed upon any theory established by the pleadings and proof even if on a ground different from that expressly relied on below. *Herron Northwest, Inc. v. Danskin,* 78 W.D.2d 505, 476 P.2d 702 (1970); *State ex rel. Weiks v. Tumwater,* 66 Wn.2d 33, 400 P.2d 789 (1965); *Lucas Flour Co. v. Local 174, Teamsters,* 57 Wn.2d 95, 356 P.2d 1 (1960); *Lundberg v. Corporation of Catholic Archbishop,* 55 Wn.2d 77, 346 P.2d 164 (1959). The pleadings referred to in the above rule necessarily means the pleadings as expressly or impliedly amended at trial;

and proof includes matters impliedly conceded by the withdrawal of an issue from contest.

■ Defendant finally contends that the judgment against the nonappealing defendants is void on jurisdictional grounds and should be reversed. Appellant claims no prejudice as to it in the entry of judgment against the nonappealing defendants. Accordingly, with respect to such judgment, he is not the party aggrieved, and we cannot consider the contention advanced. *See* CAROA 14, 33(2); *Sheets v. Benevolent & Protective Order of Keglers*, 34 Wn.2d 851, 210 P.2d 690 (1949); *Marsh v. Workmen's Compensation Appeals Bd.*, 257 Cal. App. 2d 574, 65 Cal. Rptr. 69 (1968); *cf. Mon Wai v. Parks*, 46 Wn.2d 138, 278 P.2d 676 (1955).

The judgment is affirmed.

UTTER and WILLIAMS, JJ., concur.