CHARLES F. WALLMAN, Respondent, *v.* THE SOCIETY OF CONCORD, Appellants.

The extension of the time for the performance of a contract, is not performance.   And where an action is brought to recover the contract price, the plaintiff must show performance by himself of the modified contract, or that performance was excused, in the same manner as if the action had been brought solely upon the original agreement.

A contract was entered into for the building of an organ, to be paid for when completed.   The vendee advanced money to the vendor, to secure the payment of which a mortgage was given on the unfinished instrument, payable on demand.   Default having been made, the organ was sold by the vendee under the mortgage.—*Held*, that by enforcing the contract upon which the money had been advanced, the vendee did not prevent performance by the vendor, so as to authorize a recovery of the price by the latter.

(Argued April 19th; decided May 23d, 1871.)

APPEAL from the judgment of the late General Term of the Supreme Court, in the fifth judicial district, affirming the judgment in favor of the plaintiff, upon a verdict.

The action was to recover $3,000 claimed to be due the plaintiff, under a contract to build an organ for the defendant, a religious society. The plaintiff was a musical instrument maker, and made a contract with the defendant, represented by one Falker, their president, to build an organ in their synagogue to be finished at a fixed day. The plaintiff mortgaged the organ to the defendant in an unfinished condition as security for advances made by them or their president, to enable him to go on with the building of it. The organ was sold unfinished by the defendant, under the mortgage, and the plaintiff claimed that by this act of the defendant he was prevented from finishing the organ. In fact, the plaintiff himself, under the direction of the purchaser at the foreclosure, took possession after the sale. He sued for the price, and for extra work. The original time for completion was shown to have been extended by parol. The other facts are sufficiently stated in the opinion of the court.

*W. C. Ruger*, for the appellant.

*D. Pratt*, for the respondents. Default might be waived by defendant, and the time extended for performance. (*Delacroix* v. *Buckley*, 13 Wend., 71; *Smith* v. *Gugerty*, 4 Barb., 614; *Lattemore* v. *Harson*, 14 Johns., 330; *Jewell* v. *Schroeppel*, 4 Cow., 564; *Dubois* v. *D. & H. Canal Co.*, 4 Wend., 285.) When it becomes material to ascertain the purpose for which an instrument was given, it may be shown by parol. (*Hutchins* v. *Hibbard*, 34 N. Y., 24; *Murray* v. *Walker*, 31 N. Y., 399; *Truscott* v. *King*, 6 N. Y., 147; *Chester* v. *Bank of Kingston*, 16 N. Y., 336; *Agawam Bank* v. *Streever*, 18 N. Y., 502.)

ANDREWS, J. It was incumbent upon the plaintiff, before he could recover the price of the organ, to show that he had performed the contract on his part, or that such performance had been waived or prevented by the defendant.

We deem it unnecessary to consider whether Falker had authority, as the agent for the defendant, to agree upon any modification of the terms of the original contract; or, if no original authority existed, whether the society ratified his assumed authority in that respect, so as to be bound by his acts.

We shall assume that the time for the performance of the contract was enlarged by an agreement binding upon the defendant, and that extra work was performed for which the plaintiff, if entitled to recover in the action, could claim additional compensation.

But an extension of the time for performance was not performance; and the plaintiff, in order to recover, was required to show a performance, by him, of the contract as modified, or that performance was excused in the same manner as if the action had been solely upon the original agreement.

It is clear, upon the evidence, that the organ was unfinished when it was taken from the synagogue of the defendant in July, 1865, by the plaintiff, acting as the agent for the purchaser on the foreclosure sale, and that it never, subsequently, came to the possession of the defendant.

The plaintiff acted upon the assumption that the title to the instrument was changed by that sale, and he took charge of and completed it as the agent for the purchaser.

If the consideration of the mortgage given to August Falker was money advanced by the society, and not by the mortgagee, the mortgage was nevertheless valid.

As to the plaintiff, it was founded upon a valuable consideration.

Whether August Falker held it for his own benefit or for the society, was a question between those parties, and in which the plaintiff had no interest.

The form of the security was assented to by the officers of the society, and the society ratified the transaction.

There is no foundation in the evidence for the assumption that the mortgages were given upon any oral agreement or understanding at variance with their legal effect.

In the view of the evidence most favorable to the plain-

tiff, they were not given for money received by him as pay. ment upon the contract, but in consideration of money advanced by the society upon his application, to enable him to finish the instrument, and upon his agreement to give security thereon by mortgage.

It is not improbable that the defendant, if the organ had been completed, would have allowed the money advanced to be applied upon the purchase-money, but no such agreement was made. The defendant was under no obligation to pay any part of the purchase-money until the organ was completed. Treating both mortgages as if made to the defendant, the case then is this : The plaintiff agreed to build an organ, to be paid for when completed ; the vendee advanced money to enable him to finish it, to secure which the plaintiff gave mortgages on the unfinished instrument, payable at a specified time, or on demand ; and default having been made in the condition of the mortgages, and the organ having been sold upon them, the plaintiff is allowed to recover on the contract to build it, as though it had been performed, on the ground that the defendant, by enforcing the contract on which the money was advanced, prevented performance by the plaintiff, and enabled a third person to acquire title to the property.

This recovery cannot be supported. The title to the organ, when the mortgages were given, was in the plaintiff. If, before this, he had sold it, or it had been taken on execution against him, the defendant could not have interfered.

The plaintiff, to procure means to enable him to perform his contract, made a conditional sale to the defendant; that his interest in the property might be wholly divested by his default, and the execution of the power of sale contained in the mortgage was a result contemplated by the parties and provided for by the contract.

The defendant had a legal claim for the reimbursement of the money advanced, when the debt became due. If the plaintiff had performed his promise to pay it, he would have been reinvested with the legal title to the organ, and upon

completing it, could have recovered of the defendant the compensation to which the contract entitled him.

To say that the defendant prevented performance, in any sense applicable to this case, by enforcing the mortgage security, is a misapplication of terms. The defendant did no more than the law and the contract authorized.

If the plaintiff has suffered loss, it is attributable to his own act or neglect, and not to any violation of legal duty on the part of the defendant.

The exception taken to the charge of the court raised the question we have considered, and the judgment should be reversed and a new trial granted.

All concurring, judgment reversed and new trial granted.