# Farmers C. O. & T. Co. *v.* Ward & Son.

## *Breach of Contract.*

(Decided Dec. 8, 1910. Rehearing denied Feb. 16, 1911.
54 South. 513.)

1. *Sales; Contract; Time of Shipment.*—In the absence of any provision to that effect in the contract, the law nevertheless contemplates that shipment shall be made as soon as transportation can be secured by the seller; hence, a provision in the contract of shipment as cars are secured is but a statement of the legal effect of the contract, and if cars cannot be secured that is a matter of defense to be set up by the defendant and established by it.

2. *Same; Performance of Contract; Payment; Time.*—Where the contract provided for a sale of 200 tons cotton seed hulls at $8.50 per ton, f. o. b. cars S., shipment as cars are secured, terms sight draft against bill of lading free of exchange, the buyer was bound to be ready and able to pay for same when delivered f. o. b. cars at S., and when sight draft free of exchange was presented, and was not bound to pay for goods when shipped.

3. *Same; Rescission.*—The failure of the purchaser to pay for one installment of goods agreed to be shipped will not of itself annul the

contract of sale unless the seller elects to rescind for such non-payment.

4. *Same; Remedy of Purchaser; Evidence.*—Where the action was by a purchaser for breach of contract to sell and deliver certain hulls, the warehouse facilities of the purchaser for storing the hulls was immaterial so far as defendant's liability is concerned.

5. *Same; Variance; Acceptance.*—Where the complaint alleged that the purchaser accepted the contract of sale, and the proof showed that he signed a duplicate contract and delivered it to the seller, an objection thereto because of a variance was hypercritical.

6. *Evidence; Opinion; Conclusion.*—Where the action was by the purchaser for breach of contract to sell and deliver certain hulls and the witness was shown to have had general charge of the buyer's cotton seed hulls department, with authority to buy and pay for hulls, and who testified to his personal knowledge of the buyer's ability financially, such witness was competent to testify that the buyer was able and willing to pay for the hulls contracted for and not delivered, as such testimony was of a collective fact, and it was immaterial that the witness was absent from the buyer's place of business during a part of the time covered by his testimony, since he could know of the financial condition of his principal without being present all the while.

APPEAL from Perry Circuit Court.

Heard before Hon. B. M. MILLER.

Action by W. L. Ward, as surviving partner of W. L. Ward & Son, against the Farmers' Cotton Oil & Trading Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The first count is as follows: "The plaintiff claims of the defendant $500 as damages for the breach of the contract or agreement entered into by it with plaintiff on the 29th day of October, 1907, by which it promised to sell the plaintiff 200 tons sacked cotton seed hulls, and plaintiff alleges that the defendant failed to deliver said cotton seed hulls, as it had agreed to do." The second count sets out the contract as follows: "Farmers' Cotton Oil & Trading Company, Uniontown, Alabama, sold to W. L. Ward & Sons, Selma, Alabama: 200 tons sacked cotton seed hulls, guaranteed sound, to be weighed. Price: Eight and 55/100 per ton, f. o. b. cars, Selma, Alabama. Shipment: As cars are secured. Terms: Sight draft against bill of lading free of ex-

change." It is averred that the breach consisted in a failure to deliver all except 15 tons. This is stated in the various counts in varying ways, but without any statement of willingness or ability on the part of the plaintiff to take and pay for the hulls during the time they should have been offered.

The third plea sets up that said plaintiff by the said contract agreed that, when said hulls were shipped, the defendant should draw sight draft on it free of exchange for the amount of said shipments, and that the terms and the conditions of said contract meant that said sight draft should be paid upon presentation to the plaintiff; and defendant avers that in compliance with plaintiff's order it did ship 15 tons of cotton seed hulls to A. J. Marshall & Co., at Marion, Ala., and did draw a sight draft free of exchange on the plaintiff for the amount agreed to be paid for said hulls; and defendant avers that said plaintiff breached said contract in this: That they did fail and refuse to pay said sight draft when the same was presented, and said sight draft remained unpaid for, to wit, about 10 days after said presentation; and the defendant averred that by reason of such breach of said contract by plaintiff the defendant became entitled to rescind the said contract.

W. L. Pitts, and DeGraffenried & Evins, for appellant. Under the contract there could be no breach of the obligation to deliver until the contingency on which it rested arose, that is, the securing of cars, and in failing to aver that cars could be secured, the complainant failed to show a breach.—*Stokes v. Bars,* 18 Fla. 656. The plaintiff in an action of this character must aver a readiness, ability and willingness to do his part.—*Jones v. Powell,* 15 Ala. 824; 9 Cyc. 723; 19 Enc. P. & P. 78. Counsel

discuss the assignments of error relative to the evidence, but without further citation of authority. The defendant insists that he was entitled to the affirmative charge because of a variance between the allegation and proof as to acceptance.—9 Cyc. 717.

MALLORY & MALLORY, and W. F. HOGUE, for appellee. It was not encumbent upon plaintiff to aver that the defendant could have secured cars. This was defensive matter.—*Raisin F. Co. v. Barrow*, 97 Ala. 694; *Garnett v. Yoe*, 17 Ala. 74; 24 Enc. of Law, 1149. On these authorities, it is insisted that the demurrers to the complaint were properly overruled and that the court properly sustained demurrers to the pleas.

SIMPSON, J.—This suit is by the appellee, against the appellant, for a breach of the contract set out in the statement of the case by the reporter.

The brief of appellant groups the first six assignments of errror, which raise the two questions: (1) That the several counts were subject to the demurrer because they failed to aver that the defendant was able to secure cars; and (2) because they failed to aver a willingness and ability on the part of the plaintiff to take and pay for the hulls, during the period when they should have been offered.

The statement in the contract, "Shipment as cars are secured," is but the statement of what would be the legal effect of the contract, without those words, to wit, that shipments were to be made as soon as transportation could be secured, and if the cars could not be secured that was a matter of defense to be set up and proved by the defendant, and the demurrer was properly overruled.—*Raisin Fertilizer Co. v. J. J. Barrow, Jr., Co.*, 97 Ala. 694, 697, 12 South. 388; 19 Ency. Pl. & Pr. 74.

On the second point, the demurrer is that "plaintiffs fail to allege that, in the event the defendant shipped said hulls, plaintiff was ready and willing to pay for the same." This demurrer does not raise the question argued in the brief of appellant. There was no obligation on the plaintiff, under the contract, to be able, ready, and willing to pay for the hulls when "shipped," but only when they had been delivered "f. o. b. cars at Selma," and a sight drift "free of exchange" had been presented. Hence the court cannot be placed in error for overruling this demurrer.

There was no error in sustaining the demurrer to the third plea. It is not the law that a failure to pay for one installment of goods agreed to be shipped, ipso facto, annuls the contract, and said plea does not allege that the defendant did elect to rescind the contract.— *Elliott v. Howison,* 146 Ala. 569, 584, 40 South. 1018.

There was no error in overruling objections to the testimony of Carlton Ward, as to the ability and willingness of the plaintiff to receive and pay for the hulls, if they had been delivered. The witness testified that he "had the general charge of their cotton seed hull and meal department," had authority to buy, contract for, and pay for hulls, that he had personal knowledge of the financial condition of the firm, and that he knew "that plaintiffs were always ready, able, and willing to take said hulls."

The matter testified to was a collective fact, known to the witness, to which he could testify, and the court ruled more favorably to the defendant than was required, in excluding said testimony as to the time when the witness was absent from Selma, traveling for the firm, as it was not necessary for him to remain there all the time, in order to know the facts connected with his particular department.

There was no error in sustaining the objection to the question to said witness, on cross-examination, as to what warehouse facilities the plaintiff had for storing the hulls. The plaintiff had a right to the delivery of the hulls, whether it stored them, sold them to other parties, or did or did not do anything else with them.

There was no error in refusing to give the general charge in favor of the defendant. The contention is rather hypercritical that there was a variance, because the complainant alleged that the plaintiffs "accepted" the contract, and that the proof showed that they signed a duplicate and delivered it to the defendant.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.

