# Tombigbee Valley Railroad Co. *v.* Still.

## *Injury to Animal.*

(Decided December 19, 1912. 60 South. 546.)

1. *Appeal and Error; Review; Questions Not Raised in the Trial Court.*—Where, at the trial, the defendant did not question the ownership of the train killing the animal, but its ownership was assumed, it cannot on appeal ask for a reversal because the bill of exceptions did not show its ownership of the train, since that question was not presented by the affirmative charge requested by it in the lower court.

2. *Damages; Killing Animals.*—Where the section foreman took charge of the animal after it was struck by the train, and had the animal killed, the measure of damages was the value of the animal.

3. *Same; Evidence.*—Where the evidence disclosed the general nature of the injury to the animal, and its market value, the jury had sufficient evidence on which to base an assessment of damages.

APPEAL from Washington Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by Goerge Still against the Tombigbee Valley Railroad Company, for damages for killing stock. Judgment for plaintiff and defendant appeals. Affirmed.

TURNER, WILSON & TUCKER, for appellant. There was not sufficient evidence to connect defendant with the injury or to show what was the amount of the damages. —13 Cyc. 149; 33 Cyc. 1293; *Alley v. Daniel,* 75 Ala. 403.

PELHAM & PRUITT, for appellee. No brief reached the Reporter.

PELHAM, J.—It is insisted that the general charge requested by the appellant should have been given, because it is not shown by the evidence set out in the bill of exceptions, which is stated affirmatively to contain substantially all of the evidence, that the train that killed or injured the animal was owned or operated by the appellant (defendant below) company or its agents. The question of its having been the defendant's train that caused the injury is clearly shown by the oral charge of the court set out in the record, the charges requested by the defendant, and the whole course of the trial, as divulged by the record proper and the bill of exceptions, presumptively prepared by the defendant, not to have been raised on the trial, and appears to have been unquestioned. As said by the Supreme Court in the case of *B. R. L. & P. Co. v. Taylor,* 152 Ala. 105, 109, 4b South. 580, 581, in passing on a like

contention in that case: "It occurs to us that the objection is too technical to be meritorious." This court, in passing on a contention exactly corresponding to that made here by appellant, held, following and citing *B. R., L. & P. Co. v. Taylor, supra,* that the point, when shown by the record not to have been taken in the court below on the trial, but to have been treated throughout the trial by all of the parties as a matter not in controversy, was not to be deemed of sufficient merit to put the court in error and work a reversal of the case.—*B. R., L. & P. Co. v. Leach,* 5 Ala. App. 546, 59 South. 358.

The animal struck by the train is shown by the evidence not to have been killed, but to have been injured in such a way that the defendant's section foreman, who had taken charge of the cow after she was struck and injured by the train, killed her in about a week thereafter. This evidence afforded a clear inference from which the jury could find that the extent of the injury suffered, and for which the defendant had a right to recover was the value of the animal, and not necessarily, as contended for appellant, only such an amount as the value of the animal before being struck, less her value after being struck by the train and before being killed by the section foreman. The evidence does not show the value, if any, of the animal after being injured by the train in such a manner that it was necessary for the defendant's foreman who had her in charge to end her sufferings by dispatching her, but the jury might well have inferred from the evidence that the animal was an entire loss to the plaintiff, due to the injuries received by being struck by defendant's train, and have assessed the damages accordingly. The jury had evidence before it showing the general nature of the injuries received, the market value, and a full description of the animal. This was amply sufficient on

which to base a finding by the jury of the moneyed amount of plaintiff's damages, and it was not necessary under the facts shown, to authorize such a finding, that the plaintiff prove in dollars and cents the extent of the injury to the animal by having been struck by the train. We find no error in the matters insisted upon as such, and the case will be affirmed.

Affirmed.