# Lowy, *et al. v.* Rosengrant.

## Assumpsit.

(Decided January 20, 1916. Rehearing denied March 30, 1916.
71 South. 439.)

1. **Work and Labor; Quantum Meruit; Contract.**—Recovery on the quantum meruit can be had for the balance due for the executed part of a contract, subject to recoupment for resulting damages from a failure to complete performance, that can be calculated with any degree of certainty.

2. **Sales; Failure to Deliver.**—Failure of a seller of goods to deliver on time gives the buyer an option to treat the contract as terminated, or to waive the time limit, and insist on delivery within a reasonable time; if he does the latter he cannot put the seller in default until he has given notice of his desire to receive the goods with the offer of reasonable time for making the delivery after notice.

3. **Same; Rescission.**—Where time is the essence of the contract for the delivery of the goods, and the seller fails to deliver, the buyer is under no duty to give notice of his rescission for non delivery.

. 4. **Same.**—Where the buyer of goods gives notice of his rescission of the contract because of non delivery, he must rescind the contract unequivocally, and without reservation.

5. **Same; Limit of Time.**—Where delivery has not been made within the time stipulated in the contract and the buyer does not treat the contract as

broken, but evidences to the seller a purpose to continue it in force, or to reserve to himself the right to insist on its further performance at some future time, the buyer waives the time limit for delivery, and for a reasonable time thereafter, both buyer and seller are bound by the contract.

6. **Contract; Breach; Election.**—Where a contract is breached by one party, the other party thereto must elect between treating the contract as dissolved in toto, and insisting on further performance.

7. **Contract; Time; Waiver.**—Where time is expressly declared to be of the essence of the contract, it may be waived by the conduct of the party for whose benefit the stipulation is made, as where he recognizes the contract as still in force after the time for performance has passed.

8. **Pleading; Amendment; Discretion.**—It is discretionary with the court to allow a defendant to file pleas which are in substance amendatory statements of his defense.

APPEAL from Mobile City Court.

Heard before Hon. SAMUEL B. BROWNE.

Assumpsit by George M. Rosengrant against Max Lowy and another. From a judgment for plaintiff, defendants appeal. Affirmed.

The first, second, and third counts sufficiently appear. The fourth count is as follows:

Plaintiff claims of defendant the further sum of $7,000 for that, on the 30th day of April, 1914, plaintiff and defendants entered into a contract by which the plaintiff undertook to sell and defendants undertook to buy, a large quantity of red oak French claret staves, and a further large quantity of white oak French claret staves, the red oak staves to be delivered within a reasonable time after the execution of the contract, and the white oak staves to be delivered before August 1, 1914, and the plaintiff avers that the said red oak staves were delivered, and that the purchase money agreed to be paid therefor by the defendants exceeded the sum of $7,000; that said contract contained a further provision that the defendants should retain out of the purchase price for said red oak staves the sum of $7,000, to be held back by them until the delivery of all of the said 36-inch white oak French claret staves; and the plaintiff avers that thereafter, and before the said 1st day of August, 1914, the defendants declined to receive said white oak staves, and, further, that the plaintiff is ready and willing and has offered to deliver said white oak staves, but the defendants have declined to receive and pay therefor; and the plaintiff further avers that the defendants, nevertheless, refused to pay him said sum of $7,000 which was due upon the purchase money of the red oak staves delivered by the

plaintiff to the defendant under said contract, wherefore the plaintiff sues.

The other facts sufficiently appear.

WEBB, MCALPINE & GROVE, for appellant. HARRY T. SMITH & CAFFEY, for appellee.

THOMAS, J.—The appellee. George M. Rosengrant, sued appellants, Max Lowy and B. A. Kobler, upon a complaint containing four counts: The first, upon account; second, for money had and received; third, for merchandise, goods and chattels sold; and fourth, in assumpsit.

The first and second grounds of demurrer to the fourth count of the complaint are directed to the failure to allege the quantity of claret staves which the plaintiff undertook to sell and deliver to the defendants; and the third, sixth, and seventh grounds, to the failure of allegation that the plaintiff was ready, able, and willing, or that he offered to deliver the staves within the contract time limit; while the fourth and fifth grounds are that from the allegations of the count the defendants had the right to decline to receive the staves.

The suit was not for a breach of the contract of purchase, but was for the recovery of a balance of the purchase price of the staves delivered by appellee and accepted by appellants as a part performance of the contract. From the purchase price of the staves so delivered and accepted on the contract, appellants had retained the sum of $7,000 as a guarantee of future deliveries; and appellee's insistence is, that a substantial part of the contract being performed and accepted, a recovery may be had for the balance due him, on the common counts.

The fourth count alleges the making of the contract between plaintiff and defendants, for the delivery of a large quantity of claret staves, the red oak staves to be delivered within a reasonable time after the execution of the contract, and the white oak staves to be delivered before August 1, 1914; that the red oak staves were delivered, and that said contract contained a further provision "that the defendants should retain out of the purchase price for said red oak staves the sum of $7,000, to be held back by them until the delivery of all of the said 36-inch white oak French claret staves;" and that thereafter, and before the said 1st day of August, 1914, the defendants declined to receive said white oak staves. It alleges, further, "that the plaintiff is ready

and willing and has offered to deliver said white oak staves, but the defendants have declined to receive and pay therefor." Said count also avers that the purchase price for the red oak staves so delivered by plaintiff exceeded the sum of $7,000, and that the defendants refused to pay to plaintiff the sum of $7,000 which was due him upon the purchase price of the red oak staves so delivered, etc.

(1) The right of a plaintiff to recover on a quantum meruit, for the balance due for the executed part of the contract, is well established.—2 Greenl. Ev. (16th Ed.) § 104; *Thomas, et al. v. Ellis, et al.*, 4 Ala. 108; *Merriweather v. Taylor*, 15 Ala. 735; *Hawkins v. Gilbert*, 19 Ala. 54; *Kirkland v. Oates*, 25 Ala. 465; *Davis v. Badders & Britt*, 95 Ala. 348, 10 South. 422; *Florence Gas, etc., Co. v. Hanby, Rec'r*, 101 Ala. 15, 13 South. 343; *Watson v. Kirby & Sons*, 112 Ala. 436, 20 South. 624; *Martin v. Massie*, 127 Ala. 504, 29 South. 31; *Aarnes v. Windham*, 137 Ala. 513, 34 South. 816; *Matthews v. Farrell*, 140 Ala. 298, 37 South. 325; *Higgins Mfg. Co. v. Pearson*, 146 Ala. 528, 40 South. 579; *Walstrom v. Oliver-Watts Const. Co.*, 161 Ala. 608, 50 South. 46; *Smith v. Sharpe, et al.*, 162 Ala. 433, 50 South. 381, 136 Am. St. Rep. 52; *Dees v. Self Brothers*, 165 Ala. 225, 51 South. 735; *Montgomery County v. Pruett*, 175 Ala. 391, 57 South. 823.

This right, however, is subject to recoupment for the resulting damages to the defendant (*Ala. Chem. Co. v. Geiss*, 143 Ala. 591, 39 South. 255) that may be "a matter of easy ascertainment," or that can be calculated with "any degree of certainty" and is "susceptible of measurement by a pecuniary standard."—*Stratton v. Fike*, 166 Ala. 203, 209, 51 South. 874; *Henderson-Boyd Lumber Co. v. Cook*, 149 Ala. 226, 42 South. 838; *Keeble v. Keeble*, 85 Ala. 552, 5 South. 149; *McPherson v. Robertson*, 82 Ala. 459, 2 South. 333; *Dees v. Self Bros., supra; Walshe Mfg. Co. v. Smith Lumber Co.*, 178 Ala. 472, 59 South. 455; 2 Paige on Contr., § 1175.

There was no error of the court in overruling the demurrers to the fourth count of the complaint that sought recovery for the balance of the purchase money of the staves delivered by plaintiff and accepted by defendants.

Defendants' amended pleas 2, 3, and 4 met the objections pointed out by the plaintiff's demurrers sustained to pleas 2 and 3 as originally filed. There was no error in the ruling of the court.

[Lowy, et al. v. Rosengrant.]

The defendants' second and third pleas as amended averred that under the terms of the contract plaintiff bound himself to deliver the staves at Mobile; that it was possible for the delivery to have been made at Mobile by plaintiff before the expiration of the contract time, but that plaintiff neither tendered nor delivered the full amount of the staves contracted for, although defendants were ready, willing, and able to receive and pay for the staves in compliance with the terms of their contract; and that this non-delivery by plaintiff, within the terms of the contract, caused loss to them of a sum in excess of that sued for. And defendants claim recoupment for such damages.

The fourth plea was of like tenor, but alleged, in addition, an extension of the time in the contract for the delivery of a portion of the white oak staves, and "that plaintiff knew at the time of the execution of said contract of April 30, 1914, that said white oak French claret staves were being purchased for the Bordeaux market in France."

The fourth replication filed to pleas 2, 3, and 4 is as follows: "And for further replication this plaintiff says that after the said 1st day of August, and on, to-wit, the 3d day of August, 1914, the defendant through his agent, notified the plaintiff in writing that he reserved the right to accept further deliveries under said contract after the expiration of the month of August, 1914, and thereby waived the time limit for such deliveries, and thereafter the plaintiff had a reasonable time within which to make deliveries to the defendant, and the defendant at no time since the month of August, 1914, notified the plaintiff that he demanded delivery within any fixed period."

(2) The failure of a seller to deliver on time confers upon the buyer the option to either treat the contract as terminated, or waive the time limit and insist on the delivery, within a reasonable time. After the buyer has waived the time limit and insisted on delivery under the contract, he cannot put the seller in default without first giving notice of his desire to receive the purchased property with the offer of reasonable time for making the delivery after notice.—*Farmers' C. O. & T. Co. v. Ward & Son,* 170 Ala. 491, 54 South. 513; *J. M. Ackley & Co. v. Hunter-Benn & Co.,* 166 Ala. 295, 51 South. 964; *Elliott v. Howison,* 146 Ala. 568, 40 South. 1018; *McFadden & Bro. v. Henderson, et al.,* 128 Ala. 221, 29 South. 640; *Stephenson v. Allison, et al.,* 123 Ala. 439, 26 South. 290.

(3-5) When the seller fails to make deliveries, and time is of the essence of the contract, the buyer is under no duty to give notice of his rescission for such non-delivery under the contract. When, however, the buyer undertakes to give notice of his rescission of the contract. for non-delivery, he must rescind the whole contract unequivocally and without reservation.—*Elliott v. Howison, supra; Stephenson v. Allison, et al., supra; Strauss v. Meertief,* 64 Ala. 299, 38 Am. Rep. 8. Where the party to whom delivery has not been made within the time stipulated does not treat the contract as breached. but evidences to the other party thereto, a purpose to continue it in force, or to reserve to himself the right to insist on its further performance at some future time, he waives the time limit, and for a reasonable time thereafter the respective parties are bound by the terms of the contract.—3 Elliott on Contr. § 2026, and authorities there cited.

(6, 7) One cannot claim the benefits of a contract and insist upon its further performance, and at the same time ask its dissolution. When a breach occurs, an election must be made between treating the contract as dissolved in toto, and insisting upon further performance. The choice is made once for all.— *Continental Jewelry Co. v. Pugh Bros.,* 168 Ala. 295, 53 South. 324, Ann. Cas. 1912A, 657; *Stephenson v. Allison, supra; Knight v. Turner,* 11 Ala. 636; *Dunn v. White & McCurdy,* 1 Ala. 645; *Des Allemands Lbr. Co. v. Morgan City Timber Co.,* 117 La. 1, 41 South. 332. Even where time is expressly declared to be of the essence of the contract, it may be waived by the conduct of the party for whose benefit the stipulation is made; as, for instance, where he recognizes the contract as still in force after the time for performance has passed.—9 Cyc. 608; *Paddock v. Stout,* 121 Ill. 571, 13 N. E. 182; *Pinckney v. Dambmann,* 72 Md. 173, 19 Atl. 450; *Brown v. Guarantee Co.,* 128 U. S. 403, 9 Sup. Ct. 127, 32 L. Ed. 468; *Phillips Co. v. Seymour,* 91 U. S. 646, 23 L. Ed. 341; *Amoskeag Mfg. Co. v. United States,* 17 Wall. 592, 21 L. Ed. 715; 8 Rose's Notes U. S. Supreme Court, p. 746.

In *Thorne v. French,* 4 Misc. Rep. 436, 24 N. Y. S. 694, there was a contract between plaintiff and defendant whereby the plaintiff's opera company was to play in defendant's theater, the engagement to commence September 1st. On that date the company then playing at defendant's house was so successful that it was continued throughout the period that plaintiff's company was to play, and until the day for a third company to begin its en-

gagement. The defendant all the while recognized the contract as being in force, even though the plaintiff had not supplied the band, librettos, etc., by September 1st, as he had contracted to do ; and on September 5th defendant wrote plaintiff that he would be glad to see him upon his arrival which would be in ample time for the band parts. The court affirmed the opinion of the learned judge of the equity term, in which opinion is the following statement of the law of the case : "Conceding that time was of the essence of the contract, and there was no waiver in respect thereto, the defendant had the right (1) to elect to rescind the contract for failure to deliver the materials on or before September 1, 1891; or (2) to elect to continue the contract in force. The plaintiffs, by their simple failure to deliver the materials, did not put an end to the contract, although their default might have given the right to the defendant to elect to rescind. If he elected to rescind, it was incumbent on him to make his choice promptly. * * * By electing to continue the contract in force, the defendant retained his rights under it until September 1, 1893. He evidently intended to regard the contract as a subsisting obligation, and one that might ultimately prove beneficial to him. A defendant is not bound to take advantage of a delay or forfeiture, and there may be a waiver, if there be conduct indicating an intention to waive a condition as to time, 'although * * * there may be no technical estoppel.' * * * Where time is waived a party is not put in default until he has demanded performance, and thus restored time as an element of the contract. —*Lawson v. Hogan,* 93 N. Y. 39; *Wallman v. Society,* 45 N. Y. 485; *Leaird v. Smith,* 44 N, Y. 618; *Owen v. Evans* [134 N. Y. 514], 31 N. E. 999; *Dillon v. Masterson,* 42 N. Y. Super. Ct. 176."

In *Hennessy v. Bacon,* 137 U. S. 78, 84, 11 Sup. Ct. 17, 19 (34 L. Ed. 605), Mr. Justice Harlan states the general rule as to rescission upon breach of contract to be : "If a party means to rescind a contract because of failure of the other party to perform it, he should give a clear notice of his intention to do so, unless the contract itself dispenses with such notice, or unless notice becomes unnecessary by reason of the conduct of the parties."—1 Sugden on Vendors, c. 5, § 5.

In *Dingley, et al. v. Oler, et al.,* 117 U. S. 490, 501, 6 Sup. Ct. 850, 853 (29 L. Ed. 984), the defendant, an ice dealer, had all of the year 1880 in which to make a shipment to plaintiff. Plaintiff wrote, demanding the shipment early in July of that year,

and defendant in reply answered: "We must, therefore, decline to ship the ice for you this season, and claim as our right to pay you for the ice, in cash, at the price you offered it to other parties here, or give you ice when the market reaches that point."

The court, holding that such communication did not show a positive intention to abandon the contract so as to constitute an anticipatory breach and allow the plaintiff to sue at once, said: "Although in this extract they decline to ship the ice that season, it is accompanied with an expression of an alternative intention, and that is, to ship it, as must be understood, during that season, if and when the market price should reach the point which, in their opinion, the plaintiffs ought to be willing to accept as its fair price between them. It was not intended, we think, as a final and absolute declaration that the contract must be regarded as altogether off, so far as their performance was concerned, and it was not so treated by the plaintiffs."

In *Andrews v. Tucker*, 127 Ala. 602, 612, 29 South. 34, 38, the question was as to whether there had been a waiver of the time stipulation in a contract to grade a road-bed. The court said: "By the law as it has been settled in this state, a written contract which by its term is executory as imposing the performance of duties other than the mere obligation of making payment, may, while the contract is executory in respect of any part of such duties, be altered, modified, or rescinded with or without a writing and without any other consideration than that of mutual assent.  *  *  *  And such change under such circumstances may extend to the waiver of any right either party might have had under the original contract but for the new agreement. *  *  *  A waiver of a right to declare a contract forfeited may even be implied from conduct of the parties which is inconsistent with the intention to claim a forfeiture. Accordingly, the fact that the contract here involved was acted upon and treated by the parties as in force after the time specified therein for completion of the work undertaken by plaintiffs implied an agreement on the defendants' part not to treat the failure of completion within that time as a cause of forfeiture."

In *Brigham v. Carlisle*, 78 Ala. 243, 246 (56 Am. Rep. 28), the plaintiff had a contract with defendant whereby he was to be defendant's traveling salesman on a commission basis, his work to begin October 1st and continue eight months, but he became ill shortly before that time, and so remained until December. Late

in December defendant sent him samples and cautioned him against giving credit to certain parties. Plaintiff made his first attempt to go on the road January 1st, but his expense account was turned down and later he was ordered to send back the samples. It was declared that: "The third charge requested by the defendants based their right to abandon the contract on the naked fact, unexplained, that the plaintiff did not commence the performance of the contract until January 1, 1882. The violation of a contract by one of the parties, or when he is unable to perform the acts or services stipulated, may be sufficient to authorize the other party to abandon it.   *   *   *   Its abandonment, in such case, is at the election of the defendants; and they will be held to have waived their right to renounce the contract, when, after the delay has terminated, they regard and treat it as continuing and in force."

In *Stewart v. Cross*, 66 Ala. 22, it was held that when a written contract for the sale of lands reserves to the vendor the right of rescission if payments are not made by a designated date, this right is waived by continuing to receive partial payments on the purchase money.—*Acker v. Bender,* 33 Ala. 230; *Davis v. Robert,* 89 Ala. 402, 8 South. 114, 18 Am. St. Rep. 126; *Zirkle, et al. v. Ball, et al.,* 171 Ala. 568, 54 South. 1000.

It results from what we have said that there was no error in overruling the demurrer to the fourth replication to defendants' plea.

In *Massachusetts Mutual Life Insurance Co. v. Crenshaw,* 195 Ala. 263, 768, this court said: "These pleas offered at the last trial, with the possible exception of those of the class last above referred to, though not so denominated, were in substance amendatory statements of the defense upon which the case has been first tried; they were not additional or wholly different pleas within the purport and meaning of the rule laid down in *Jones v. Ritter,* 56 Ala. 270, and the line of cases cited in *Craig v. Pierson Lumber Co.,* 179 Ala. 530 [60 South. 838]; they fell rather under the remedial influence of the statute of amendments, and defendant should have been allowed to place them upon the file, their legal sufficiency remaining subject to question by demurrer, unless, indeed, it appeared that in other pleas already on file defendant had the full benefit of the defense it was thus attempting to cast into new shapes."

(8) It was thus discretionary with the court to allow these pleas of defendants to be filed when offered. When the trial was entered upon the plaintiff may have been prepared to disprove the fourth plea as to the "Bordeaux market in France," and not, as designated in the fifth and sixth pleas, as to the "European market."

The court committed no error in giving the plaintiff's general affirmative charge. The case is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.