(75 South. 187)

ABRAHAM BROS. v. MEANS. (3 Div. 216.)

(Court of Appeals of Alabama. April 17, 1917. On Rehearing, May 15, 1917.)

1. Sales ⬅️434 — Breach of Warranty — Pleading—Complaint.

In view of Code 1907, § 5321, providing that all pleadings must be short, and no objection can be allowed for defect in form if material issue can be taken, in an action for breach of warranty in the sale of a mule, an allegation of the complaint that the defendant had warranted the mule was sound when as a matter of fact he was not sound, but sick, sufficiently described the unsoundness of the mule to put the defendant on notice of what he was to defend against.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1234–1238.]

2. Action ⬅️45(4)—Joinder—Inconsistent Remedies.

Although Code 1907, § 5328, provides that all actions on contract may be joined and separate verdicts rendered, where plaintiff, under a count for breach of warranty in sale of a mule under which the measure of damages would be the difference between the value of the property at the time of sale and its value had it been as warranted, introduced evidence tending to support such count, he could not concurrently pursue the inconsistent remedy of rescission, under a count for money had and received, under which the measure of recovery would be the amount paid with interest.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 430–448.]

3. Sales ⬅️445(4)—Warranty—Action for Breach—Question for Jury.

Evidence *held* sufficient to take the case to the jury under a count for breach of warranty in the sale of a mule to plaintiff as sound, irrespective of an additional count for money had and received, based on rescission of the contract, and hence defendant's motion to exclude all of plaintiff's evidence was properly overruled.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1306.]

4. Trial ⬅️89—Joinder of Causes—Objection—Mode.

In an action joining inconsistent counts, one for breach of warranty in the sale of a mule and the other for money had and received, based on rescission of the contract, the question of improper joinder of counts could not be tested by motion to exclude plaintiff's evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 228–234.]

5. Sales ⬅️441(4)—Breach of Warranty—Proof.

In an action for breach of warranty in the sale of a mule, where the plaintiff introduced no evidence as to the difference in value of the mule at the time of the sale and its value had it

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

been as warranted, he could recover only nominal damages.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1281, 1282.]

### On Rehearing.

6. SALES ⊚⇒441(4)—EVIDENCE—SUFFICIENCY—"NO ACCOUNT"—"MARKET VALUE."

In an action for breach of warranty in the sale of a mule to plaintiff as sound, testimony of plaintiff that the mule was "no account after he got sick" was not equivalent to saying that the mule was of no value at the time of the sale, so as to entitle plaintiff to more than nominal damages, "no account" being a provincialism of flexible meaning, and not synonymous with "no market value."

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1281, 1282.

For other definitions, see Words and Phrases, First and Second Series, Market Value.]

Appeal from Circuit Court, Montgomery County; W. W. Pearson, Judge.

Action by Noah Means against Abraham Bros. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

This action was begun in the lower court and as originally filed contained two counts: one for deceit and one for a breach of warranty in the sale of a mule. The second count was in the following words:

"Plaintiff claims of the defendant $300 damages for a breach of warranty in the sale of a mule by them to the plaintiff on, to wit, the 1st day of March, 1913, which the defendant warranted to be sound, when in fact said mule was not sound, but was at the time sick."

The first count was withdrawn, and the defendant demurred to the second count on several grounds to the effect that the charge that the mule was unsound was too general. The court overruled the demurrers, and issue was joined and the trial proceeded. The evidence for the plaintiff tended to show that he bought the mule in question from the defendant and paid $207.50 for him; that the defendant warranted the mule to be "sound and all right"; that the mule was not sound, but was sick at the time, and that it gradually grew worse; that the plaintiff brought the mule back to defendant's stables and left him with the defendant; that defendant telephoned to Dr. Saul to send a man after the mule; that a man came and got him and plaintiff got in the wagon and drove it for the man around to Dr. Saul's hospital; that plaintiff got no other mule, and never has gotten another mule or received any money from defendant for the one he turned over; that the value of the mule was $207.50. It nowhere appears that he demanded another mule, or the money, or that defendant agreed to a rescission. When the plaintiff's testimony was all in the defendant moved the court to exclude all of the plaintiff's evidence on the ground that plaintiff was suing for breach of warranty and evidence showed that plaintiff had rescinded the contract by delivering the property back. The plaintiff was then allowed to amend his complaint by adding a count for money had and received. The trial then proceeded, and the defendant introduced testimony tending to show that the mule was sound when delivered to plaintiff, and had died from other causes than any disease it might have had at the time of sale; and, further, that there had been no rescission of the contract; but the testimony of Abraham shows he was standing on the original contract of sale, whatever that was. There were exceptions reserved to portions of the court's general charge and to charges refused at the request of defendant, and also to the refusal of the court to grant a motion for new trial, all of which, so far as is necessary, will be set out in the opinion.

Steiner, Crum & Weil, of Montgomery, for appellant. Hill, Hill, Whiting & Stern, of Montgomery, for appellee.

SAMFORD, J. [1] 1. The count sufficiently described the unsoundness of the mule to put the defendant on notice of what he was to defend against. It would be unreasonable to require a plaintiff, not usually versed in the diseases of mules, to enter into a specific description of a disease requiring expert knowledge and perhaps scientific investigation. The allegation of the complaint was that the defendant had warranted the mule was "sound," when, as a matter of fact, he was not "sound," but sick. This presented a material issue of fact which could be taken by the defendant, and under section 5321 of the Code was sufficient. The demurrer was properly overruled.

[2-4] 2. Did the court err in overruling defendant's motion to exclude all of plaintiff's evidence? Transcript, p. 16. Under section 5328 of the Code, all actions on contract may be joined in the same action and separate verdicts rendered. But when one party to a contract repudiates it, the injured party may elect to pursue one of several remedies; and when these remedies carry a different measure of relief, they cannot be concurrently pursued. Mutual Loan Society v. Stowe, 73 South. 202;[1] Lowy et al. v. Rosengrant, 71 South. 442.[2] Count 2 in this case was for a breach of warranty in the sale of the mule, the measure of damages being the difference between the value of the property as it actually was at the time of sale and what it would have been worth had it been as warranted. Herring v. Skaggs, 62 Ala. 180, 34 Am. Rep. 4. Count 3 was for money had and received, in which the measure of recovery was the amount paid, with interest. The first was based on the contract of sale, and the latter on a rescission of the contract, entirely inconsistent remedies growing out of the same transaction, and hence, if there was no evidence tending to support the count for a breach of warranty, the court could have sustained the defendant's motion to exclude.

But is this a fact? The plaintiff testified that the defendant said:

"I gave this boy a mule that is all right; * * * that if the mule * * * wasn't sound and all right he would give him another one."

O'Rear corroborates this (transcript, p. 14), when he said defendant said the mule was sound and all right before and after the defendant drove off. This evidence, if true, tended to sustain the plaintiff's theory that the 'defendant warranted the mule as alleged, and was sufficient to have submitted the question to the jury; and therefore, irrespective of the additional count, the court did not err in overruling defendant's motion to exclude, as set out in the ninth assignment of error; besides, this question could only be properly tested by a demurrer to the evidence or the affirmative charge. Mobile L. & R. Co. v. Portiss, 195 Ala. 320, 70 South. 136; McCrary v. Sharpe, 188 Ala. 375, 66 South. 441; Wise v. Curl, 177 Ala. 324, 58 South. 286; Athey v. T. C., I & R. R. Co., 191 Ala. 646, 68 South. 154; Scales v. T. C., I. & R. R. Co., 173 Ala. 639, 55 South. 821.

Therefore it follows that there was no error in the court's general charge as set out in the tenth assignment, or in the refusal of the court to give the affirmative charge for the defendant as to count 2.

[5] 3. Assignment of error 20, on account of the court's refusal to give the following charge:

"If the jury believe from the evidence that the plaintiff is entitled to recover, they can only find for nominal damages"

—is good. The plaintiff cannot recover in this action for money had and received, as has been above discussed, and the measure of damages in a suit for breach of warranty is the difference between the value of the mule at the time of sale and what it would have been worth had it been as warranted (Herring v. Skaggs, supra), that question became one of proof. It is shown by the testimony of the defendant that the mule was worth $207.50, but as to the difference in value, the jury could only conjecture. The court cannot say as a matter of law that the mule was of no value at the time of the sale and warranty. If that is so, the plaintiff must prove it in order to recover anything but nominal damages.

4. Assignments of error Nos. 3, 4, 5, 6, 7, and 8—all of these questions called for evidence that was immaterial to any issue in the case.

5. In view of what has been said, and it being necessary to reverse the case on errors that will eliminate the questions arising on the count for money had and received, it is unnecessary to notice the assignments of error relating to that count.

For the errors in the record in conflict with the foregoing views, which, for the purposes of another trial are sufficiently pointed out, the judgment of the lower court is reversed, and the cause is remanded.

Reversed and remanded.

### On Rehearing.

[6] At the request of the appellee, the statement of facts is extended so as to include the following:

"The plaintiff testified that the mule was no account after he got sick, and that he delivered him to Abraham and never got anything for him."

The case of Tombigbee Valley R. Co. v. Still, 6 Ala. App. 472, 60 South. 546, is a different case from the case at bar. In that case, the court said:

"The evidence afforded a clear inference from which the jury could find that the extent of the injury suffered, and for which the defendant [plaintiff] had a right to recover, was the value of the animal, and not necessarily * * * only such an amount as the value of the animal before being struck, less her value after being struck * * * and before being killed by the section foreman"

—while in this case there is nothing to take it out of the rule as laid down in Herring v. Skaggs, cited in the opinion.

It is contended by appellee's counsel that the testimony of the plaintiff that the mule was "no account after he got sick" was equivalent to saying that the mule was of no value at the time of the sale. We cannot agree to this. The word "account" has no clearly defined meaning. Words and Phrases, vol. 1, p. 50. The word is flexible in meaning, depending somewhat on the surrounding circumstances and the connection in which it is used. Words and Phrases, vol. 1, p. 50. The expression "no account" is a provincialism, and in this section has no such fixed meaning as that a jury would be warranted in saying that it is synonymous with "no market value."

The application for rehearing is overruled.

Application overruled.