(76 South. 294)

Ex parte MEANS. (3 Div. 307.)

(Supreme Court of Alabama. June 28, 1917.)

SALES ☞446(9)—DAMAGES—EVIDENCE—SUFFICIENCY—"NO ACCOUNT"—MARKET VALUE.

In an action for breach of warranty in the sale of a mule, there being evidence of the value of the mule as sound, and plaintiff having testified that the mule was "no account," the court properly refused to instruct that the jury should find for the plaintiff for nominal damages only, as the statement of the plaintiff that the mule was "no account" was sufficient from which the jury could infer that the witness intended to state that the mule was of no value, although such expression might have been a provincialism with no particular fixed meaning and not synonymous with no market value.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1317.]

McClellan, J., dissenting.

Certiorari to Court of Appeals.

Action by Noah Means against Abraham Bros. There was judgment for plaintiff, and defendant appealed to the Court of Appeals (75 South. 187), where the cause was reversed and remanded, whereupon plaintiff brings certiorari. Granted, and judgment of Court of Appeals reversed, and cause remanded.

Hill, Hill, Whiting & Stern, of Montgomery, for appellant. Steiner, Crum & Weil, of Montgomery, for appellee.

GARDNER, J. Petition for writ of certiorari to review the action of the Court of Appeals reversing the cause, styled in that court, Abraham Bros. v. Noah Means. The opinion of the Court of Appeals discloses that the second count of the complaint was for the breach of the warranty in the sale of a mule by defendant to plaintiff, which defendant warranted to be sound, when in fact said mule was not sound, but was at the time sick. The twentieth assignment of error was based upon the refusal of the court to give at the request of the defendant the written charge that the jury could only find for the plaintiff for nominal damages, and the Court of Appeals rests the reversal of the cause upon the refusal of this charge. The opinion is based upon the theory that, while there was evidence tending to show the value of the mule as sound being the sum of $207.50, yet there was no evidence from which the jury could infer the value of the mule in its unsound condition as contended by plaintiff.

The opinion discloses that plaintiff contended that the mule was sick at the time he purchased it, and that in a very few days he returned the mule to defendant, and never received another mule in its stead, nor a return of his money, and it further appears that the mule soon thereafter died. The plaintiff further testified, as quoted in the opinion, that the mule was "no account after he got sick." The Court of Appeals holds that the expression "no account" was not equivalent to saying that the mule was of no market value, as the word "account" is flexible in meaning, depending somewhat on the surrounding circumstances, and the connection in which it is used, and that a jury would not be warranted in saying that it is synonymous with "no market value." It is true that the word "account" is flexible in meaning. Mr. Webster defines it as meaning, among other things, "valuation; worth; value." While the expression "no account" may be a provincialism with no particular

fixed meaning in this section as that in each instance it would be synonymous with "no market value," yet we are of the opinion, in view of the above well-known definition that when a witness, testifying in a case of this character, stated that the mule was "no account after he got sick," this was sufficient from which the jury could infer reasonably that the witness intended to state that the mule was of no value, of no worth, or of no valuation.

We conclude that this evidence was sufficient for submission to the jury for its determination (Tombigbee V. R. R. Co. v. Still, 6 Ala. App. 470[1]), and that the trial court cannot be put in error for refusing the charge constituting the assignment of error above referred to. It results therefore that in our opinion the reversal of the cause should not be rested upon this action of the court, and the order of reversal will here be set aside, and the cause remanded to the Court of Appeals.

Reversed and remanded.

All the Justices concur, except McCLELLAN, J., who dissents.

McCLELLAN, J. (dissenting). This court has repeatedly ruled, as well as written, that, in observance of the duty of supervision of the pronouncements of the Court of Appeals, laid upon the Supreme Court by section 140 of the Constitution, the Supreme Court will not, under any circumstances, review or revise the findings or conclusions of the Court of Appeals upon matters or issues of fact only, nor review or revise its findings or conclusions of fact only with the view to the ascertainment or determination of the question whether legal principles applied by the Court of Appeals to the decision of an appeal should have been applied thereto. Postal Tel. Co. v. Minderhout, 195 Ala. 420,[2] where a number of our deliverances are quoted and cited. I can see no good reason to except this application for certiorari from the rule so often set down and applied here. The Court of Appeals held that the instruction referred to in the majority opinion was well drawn because the evidence did not afford any basis for the ascertainment of compensatory damages, in which case nominal damages only could be assessed and awarded. In my opinion this is as plain an instance of a finding of fact, within the rule of review before restated, as could be imagined. There is no declaration of law in it. The law, viz. the rule for the admeasurement of damages, was correctly stated; and the conclusion of the Court of Appeals in dealing with this instruction was, simply and only, that the evidence did not afford the necessary data to entitle the plaintiff to have submitted to the jury's determination the issue of compensatory damages vel non, and the amount thereof.

The application of the before stated rule of review cannot be properly denied in this instance unless a new rule, qualifying that one, is made, to this effect: That where the Court of Appeals in its opinion recites the facts upon which it rests a finding or conclusion, then that finding or conclusion becomes, on certiorari to this court, a question of law, thereupon and thereby taking the question without the reiterated rule of review that this court has so often approved and applied in denying petitions for writs of certiorari to the Court of Appeals. Such a modification is, in my judgment, manifestly unsound and unwise. It would make the review here depend entirely upon whether the Court of Appeals recited in its opinion the basis of fact for its finding or conclusion. If that court did not see proper to include such recitals in its opinion, the modification indicated would be denied application in the concrete case because of the mere fact that the basis therefor was not afforded by the recitals of the opinion of the Court of Appeals. The impossibility of practically administering such a rule should, itself and alone, forbid its acceptance. To say to one litigant, You may have review of a finding or conclusion of fact, or of the interpretation of facts, by the Court of Appeals because the Court of Appeals has seen fit to set out the facts in its opinion, and to say another litigant, You cannot have like review of a finding or conclusion of fact because the Court of Appeals has not set out in its opinion the facts upon which its finding or conclusion of fact is based, seems to me to be justified by no sound reason.

My judgment is that, according to the heretofore established rule in this court, the review here sought should be denied.