**WAY v. WATERS–TONGE LUMBER CO.**
(2 Div. 837.)

(Supreme Court of Alabama. April 24, 1924.)

1. **Evidence ⬅20(2)—Court takes judicial notice that during federal control movement of cars was subject to government authority.**

    Court takes judicial notice that during federal control of railroads movement of cars was subject to government authority.

2. **Sales ⬅181(9)—Refusal to permit seller to prove efforts to procure cars held error.·**

    Where contract for sale of lumber was made with reference to seller's ability to procure cars, and its inability was a contested issue, it was error in buyer's action for seller's failure to ship to refuse to permit seller to state what efforts he made to procure cars.

3. **Sales ⬅181(9)—Exclusion of buyer's letter demanding shipment after numerous extensions of time held error.**

    Where president of buyer corporation testified that buyer made several extensions of time for shipment, it was error to sustain buyer's objection to admission of its last letter demanding shipment and suggesting change in order if it would facilitate shipment.

4. **Sales ⬅418(2)—Measure of buyer's damages stated.**

    General rule for measure of damages where seller fails to deliver is difference between agreed price and market price at time and place of delivery.

5. **Sales ⬅418(2)—Buyer's damages fixed at expiration of reasonable time after buyer's last demand for delivery.**

    Where buyer made several extensions of time for delivery, seller had reasonable time to deliver after last demand, which fixed time of breach and time as of which buyer's damage must be measured.  ·

Appeal from Circuit Court, Marengo County; John McKinley, Judge.

Action for breach of a contract of sale by the Waters-Tonge Lumber Company against Thad Way, doing business as Albardell Mills. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Wm. Cuninghame, of Linden, for appellant.

Invoices for lumber purchased by plaintiff were inadmissible. White v. Bean & Co., 16 Ala. App. 330, 77 South. 924; Loveman v. McQueen, 203 Ala. 280, 82 South. 530; Lowy v. Rosengrant, 196 Ala. 341, 71 South..

439. Defendant should have been permitted to show what efforts he made to procure freight cars. Farmers' Co. v. Ward, 170 Ala. 491, 54 South. 513; Henderson v. Holmes, 204 Ala. 203, 85 South. 536.

I. I. Canterbury, of Linden, and Benj. F. Elmore, of Demopolis, for appellee.

After a reasonable time, plaintiff had the right to go into the open market and purchase lumber. Lowy v. Rosengrant, 196 Ala. 337, 71 South. 439; Covington v. Ferguson, 204 Ala. 192, 85 South. 726. It was the duty of defendant to procure cars in which to make shipment. Henderson v. Holmes, 204 Ala. 205, 85 South. 536; 6 R. C. L. § 353; Marx v. Kilby Co., 162 Ala. 295, 50 South. 136, 136 Am. St. Rep. 24.

GARDNER, J. [1] Action in assumpsit by appellee against appellant to recover damages for failure of the defendant to ship four separate cars of lumber, contracted to be sold by defendant to the plaintiff. The orders for the lumber were given in the months of November and December, 1917. The price was fixed as f. o. b. the cars at Thomaston, Alabama, the shipments to be made "at once" as to some of these orders and within 30 days as to others. This was during the period of federal control of the railroads, and the movement of cars was subject to government authority, as shown by the proof, and of which the court takes judicial notice. Moon v. Hines, 205 Ala. 355, 87 South. 603, 13 A. L. R. 1020; L. & N. R. R. Co. v. Shikle, 206 Ala. 494, 90 South. 900.

[2] It is very clear from the proof in connection with the conditions then prevailing that both parties contracted with reference to the ability of the defendant to procure the cars upon which to load the lumber for shipment. J. H. Hamlen & Son v. Rosengrant (Ala. Sup.) 100 South. 217;[1] Farmers' C. O. Co. v. Ward & Son, 170 Ala. 491, 54 South. 513.

[3] Defendant as a special defense insisted that he was unable to procure the necessary cars, and this was a contested issue of fact in the case. In view of the issue thus joined, we are of the opinion the court committed error in not permitting the defendant when a witness in his own behalf to state what efforts he made to procure the cars for the shipment of this lumber. The evidence shows without dispute that the lumber was not shipped as ordered, but that the time of shipment was waived by the plaintiff. Waters was president of the plaintiff corporation, and his testimony shows that the company continued to extend the time for the delivery of these cars, and was willing to take them as late as May 29, 1919, when, on that date, he wrote a letter asking for the shipment to go forward and suggesting a change in the order as to the character of lumber if that would be of any aid in facilitating the shipment. This witness further testified that his "company held the delivery open continually up to a reasonable time, after May 29, 1919," and the letter of this date specifically refers to these orders by number; and we are of the opinion the court erred in sustaining plaintiff's objection to its introduction.

In Lowy v. Rosengrant, 196 Ala. 337, 71 South. 439, it was held, when a breach of the contract occurs, an election must be made between treating it as dissolved and insisting upon further performance, and the time of performance may be waived by the conduct of the party for whose benefit the stipulation is made, such as a recognition of the contract as still in force after the time for performance has passed. See, also, to like effect, Brigham v. Carlisle, 78 Ala. 243, 56 Am. Rep. 28; Andrews v. Tucker, 127 Ala. 602, 29 South. 34; 9 Cyc. 608.

[4] The general rule for the measure of damages in cases of this character is the difference between the agreed price and the market price at the time and place of delivery. 24 R. C. L. 68, 69; Gwin v. Hopkinsville Milling Co., 190 Ala. 346, 67 South. 382. It has been also held that the purchaser may supply himself by repurchase in the market on account of the seller and where reasonable diligence and care is used in making the purchase he may ordinarily recover the difference between the agreed price and the advance price which he is forced to pay. 24 R. C. L. 71–74; Gwin v. Hopkinsville Milling Co., supra.

[5] Having in mind this rule for the measure of damages, the plaintiff offered proof tending to show there was no market for this lumber at Thomaston, the place of delivery, and introduced in evidence, over defendant's objection, invoices showing the purchase of this character of lumber at points in the vicinity of Thomaston in the months of November and December, 1918. This was the only effort on the plaintiff to establish the amount of damages suffered, that is, by showing the difference between the agreed price and the price which he paid at the above-mentioned purchases. As hereinbefore stated, however, the undisputed evidence discloses that the time for delivery of this lumber was extended until within a reasonable time after May 29, 1919, and that therefore, when the plaintiff made these purchases of lumber in November and December, 1918, the contract here in question was still treated as being in full force and effect, and the plaintiff was not relying at that time upon a breach thereof. Under the undisputed proof, therefore, the breach of the contract as to delivery did not occur until after the expiration of a reasonable time after May 29, 1919, and the plaintiff's damages must be measured from this period. J. H. Hamlen v. Rosengrant, supra.

[1] Post, p. 186.

We are therefore of the opinion the court committed error in admitting over defendant's objection these invoices, for the reasons above stated.

For the error indicated, let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.