160 So. 557

## LEWIS v. BREITLING.

### 6 Div. 668.

Court of Appeals of Alabama.

March 26, 1935.

M. B. Grace, of Birmingham, for appellant.

Monette & Taylor, of Birmingham, for appellee.

RICE, Justice.

The pleadings were so framed as to properly litigate the issue of whether or not there was a breach of warranty in the sale of one of the mules, for the purchase price of which the note sued on was given.

In this connection there was evidence of the value of the mule, that it was sold for a certain price, and warranted to be sound, all right, and suitable for plantation purposes, such as plowing. There was also testimony offered on behalf of appellant to the effect that the mule was "no account."

The Supreme Court of Alabama has held that when a witness' testimony was to the effect that the mule was "no account," this "was sufficient from which the jury could infer reasonably that the witness intended to state that the mule was of no value, of no worth, or of no valuation." Ex parte Means (Abraham Bros. v. Means) 200 Ala. 378, 76 So. 294, 295.

So, it would seem (Code 1923, § 7318) that no alternative is left to us, but to reverse the judgment in favor of appellee because of the giving by the court to the jury at his request of the following two written charges which we have lettered A and B on page 10 of the transcript, to wit:

"A. I charge you gentlemen of the jury that if you believe the evidence in this case, you can not set off against the note sued on more than nominal damages. Given, Sam C. Pointer, Judge.

"B. I charge you gentlemen of the jury, that you can not under the testimony in this case set off more than nominal damages, viz. 1¢ or $1.00 against the note sued on and that you judgment will be for the plaintiff, less such nominal damages if you find for the defendant under his plea of set off. Given, Sam C. Pointer, Judge."

All the considerations appearing in the evidence which tended to render the testimony that the mule in question was "no account," indefinite, and inconclusive are considerations that, never the less, under the authority hereinabove cited, addressed themselves to the jury trying the case.

The judgment is reversed and the cause remanded.

Reversed and remanded.